*EX PARTE* WESSINGER, *IN RE* ESTATE OF SEAY.

ADMINISTRATION—JURISDICTION.—THE PROBATE COURT has no jurisdiction to grant either general administration or administration with the will annexed upon death of executor, during pendency of appeal from its judgment on question of "will" or "no will."

Before GARY, J., Lexington, June, 1901. Affirmed.

Petition for administration with will annexed in probate court by Elizabeth P. Wessinger on the estate of W. B. Seay. From order reversing order of probate court, petitioner appeals.

*Messrs. Efird & Dreher,* for appellant, cite: *Executor should sustain the will and the person having greatest interest thereunder will more likely so do:* 60 S. C., 272; 11 Ency., 2 ed., 791; 19 Ency., 1 ed., 209, 210, 211; Schouler's Ex. and Admrs., 2 ed., secs. 124, 125; Redfield on Law of Wills, 84.

*Messrs. Andrew Crawford* and *G. T. Graham,* contra, cite: *Two sisters applying for administration, both equally*

*entitled, Judge may grant to either:* 3 Brev., 520; *and wishes
of majority of heirs should have much weight:* 2 Strob.,
335; 17 S. C., 24. *Probate court could not appoint admin-
istrator with will annexed after judgment of "no will."* 1
N. & McC., 328; Woemer on Law of Adm., sec. 178. *Es-
tate having been nearly administered, appellant should have
applied for administration de bonis non cum testamento
annexo:* 1 Strob. Eq., 393; Rice, 350; 18 S. C., 574; 9 S.
C., 258. *In such case administrator pendente lite should be
appointed:* 16 S. C., 434; Woener on Law of Adm., 402.

March 17, 1902.  The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.  The decree of the Circuit Court
from which this appeal is taken by Elizabeth P. Wessinger
is as follows.

"The facts herein are briefly: That W. B. Seay died in
August, 1898, leaving a paper in form a will, appointing
his mother, Harriet Seay, executrix.  This paper was duly
probated as a will in common form; Mrs. Seay qualified as
executrix, took charge of the estate and administered the
same in part.  In the summer of 1900, S. E. Harman, a
nephew of W. B. Seay, and heir at law in case of intestacy,
filed in the probate court a petition asking that the executrix
be required to prove the said will in solemn form.  This
proceeding was had before the probate court, and he, in De-
cember, 1900, decided that there was no will.  The execu-
trix appealed.  The first term of this Court thereafter was
February, 1901, and at that time the case was on docket and
called for trial, but was continued on account of the death of
Mrs. Seay during the term.  Soon thereafter, S. E. Har-
man, nephew, and George E. Roberts, brother-in-law of the
deceased, petitioned for letters of administration upon the
estate of W. B. Seay.  The appellant, Mrs. Wessinger, ap-
peared on return day, filed a caveat against the appointment
of Harman and Roberts, and also asked appointment of
herself as administratrix with the will annexed, setting out

in her petition that she was a sister of the deceased, and, therefore, entitled before the other petitioners, and also setting out therein the facts above stated as to will, probate, decree, appeal, etc.   Upon the filing of this petition, Mrs. Mary J. Roberts also filed a petition, setting up that she was an elder sister of the deceased, and asking for letters of administration.   The probate judge took testimony, and after argument, passed an order granting letters of administration to Mrs. Roberts, after finding as a fact and stating in his order that W. B. Seay had died intestate.

"The cause now comes before me on appeal from this order * * * (omitting matter not relevant to present contention).   The first and fifth exceptions may be considered together, as they raise the point that under the facts the probate judge had no jurisdiction to grant letters of administration, but should have granted administration with the will annexed, and that such letters should have been granted to appellant, because Mrs. Roberts has been seeking to set aside the will, and appellant has been acting with the executrix in attempting to sustain it.   Sec. 59 of the Code provides that an appeal from an order or decree of the probate court shall act as supersedeas.   Hence, after his judgment that the paper presented as the will of W. B. Seay was 'no will,' and appeal therefrom, he had no jurisdiction to pass on the question of testacy of W. B. Seay, until final adjudication of the issue of 'will' or 'no will' in this Court.   Before he could grant administration straight, he must find that the deceased died intestate, and, in fact, he did so find.   This he had no jurisdiction to do, and his order granting administration upon said estate is error.   Sec. 2013 of the Revised Statutes provides that in case an executor dies without having fully administered the estate, the probate judge shall grant administration with the will annexed to such person 'as shall have the greatest interest in sustaining said will in the order of their interests.'   Appellant contends that this section should be so construed as to require the probate judge to grant such administration to her who is in favor of

sustaining the will, as against Mrs. Roberts, who is in favor of setting aside the will. I do not think that the statute is intended to bind the probate judge by the individual inclinations of persons applying as to the validity of the will, but that 'the greatest interests' means the interests appearing on the face of the will.

"It is, therefore, ordered, that the case be remanded to the probate court, with instructions to revoke the letters of administration granted to Mrs. Roberts."

It is now excepted to this decree: "That his Honor, Judge Ernest Gary, erred in not holding and directing the probate court to grant letters of administration with the will annexed upon the estate of W. B. Seay to the petitioner, Elizabeth P. Wessinger, since all of the heirs at law of W. B. Seay except this petitioner, were seeking to set aside the will of the said W. B. Seay; and under the statutes, this petitioner being the only one seeking to sustain said will, should have been granted the letters; and for the further reason that Mrs. Wessinger is the only party petitioning for letters of administration with the will annexed; and as such he erred in not instructing the probate court to grant her such administration."

We affirm the judgment of the Circuit Court for the reason given by the Court, that pending the appeal from the probate court on the issue of "will" or "no will," the probate court was without power to appoint either a general administrator or an administrator with the will annexed, for that would necessarily involve a determination of the very issue which was pending in the Circuit Court.

The judgment of the Circuit Court is affirmed.