## 11484

### *EX PARTE* BANK OF ANDERSON
### WOLFE v. BANK OF ANDERSON

#### (122 S. E., 592)

1. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR WITH WILL ANNEXED FOR PURPOSES OF GENERAL ADMINISTRATION OCCUPIES SAME RELATION TO ESTATE AS EXECUTOR.—An administrator with the will annexed for all general purposes of administration is simply an executor under another name; the practical difference being that he is required to give bond while executor is not.

2. WILLS—EXECUTOR MAY ENFORCE JUDGMENT BY EXECUTION PENDING APPEAL FROM DECREE DECLARING WILL INVALID.—Pending appeal from probate decree declaring will invalid, judgment debtor cannot enjoin administrator c. t. a. from enforcing judgment by execution; only proceedings in pursuance of decree rejecting the will being stayed under Code Civ. Proc. 1922, § 189.

Motion before Hon. Eugene B. Gary, Chief Justice, at Chambers, to stay execution of a judgment pending appeal.

August, 1923.   Order affirmed.

Action by S. M. Wolfe, Administrator, against Bank of Anderson. From an order denying defendant's petition to restrain Sheriff from enforcing execution of a judgment, defendant appeals.

*Messrs. Hood & Hood* and *J. M. Paget,* for appellant, cite: *Pending appeal on validity of will Probate Court powerless to appoint an administrator:* 63 S. C., 130; Code 1922, Vol. 1, Sec. 189.

*Messrs. Bonham & Allen* and *A. H. Dagnall,* for respondent, cite: *Former adjudication:* 116 S. E., 451. *Collateral attack:* Code 1922, Sec. 179. *Appeal from Probate Court:* Code 1922, Secs. 187–189. *Order granting letters of administration:* 69 S. C., 46; 72 S. C., 388. *Right of administrator:* 108 N. E., 228; 119 N. W., 433; 24 C. J., 1164.

April 22, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order of the Chief Justice refusing a motion of the Bank of Anderson, upon its petition in the main cause, to enjoin the administrator from enforcing by execution a judgment obtained by him against said Bank.

This proceeding is an aftermath of the litigation heretofore had between the parties, which resulted in a judgment in favor of the administrator against the Bank, affirmed on appeal by this Court (123 S. C., 208; 116 S. E., 451), where the facts connected with it are fully detailed.

Briefly stated: Wolfe, as administrator with the will annexed of one Lewis Hensen, sued the Bank to recover a deposit which was to the credit of Hensen in the Bank at the time of his death, and which the Bank subsequently paid to the administrator of his estate appointed by the Ordinary of Richmond County, in the State of Georgia; Hensen, a resident of Anderson County, having died in Augusta, Ga., while temporarily in that city, and letters of administration having been taken out there. The decision of the Circuit Court was in favor of Wolfe, and

upon appeal, the judgment for the amount of the deposit, $1,768.00, was affirmed by this Court.

After that decision was rendered, the children of Hensen attacked the validity of the will, by a petition in the Court of Probate for Anderson County, to require proof of it in solemn form. The hearing was had on June 12, 1923, and a decree was filed declaring that the will was invalid. From this decree Wolfe appealed to the Circuit Court. This appeal was pending at the times hereinafter referred to.

On July 27, 1923, Wolfe as administrator, procured the issuance of an execution to enforce the judgment above referred to, and lodged the same with the Sheriff with instructions to proceed with its enforcement; whereupon the Bank applied by petition in the main cause, to the Chief Justice, for an order enjoining the Sheriff from enforcing the execution, and Wolfe from exercising the duties of administrator, upon the ground apparently that pending the appeal from the decree of the Court of Probate, annulling the will, the administrator with the will annexed was in a state of suspended animation. On August 9, 1923, the Chief Justice issued a rule to show cause and a temporary restraining order, directed against the administrator alone, returnable August 14, 1923. The administrator made return, averring that, regardless of the decision, will or no will, he had been appointed administrator, had given bond, and that it was his duty to collect the assets of the estate. The Chief Justice, in an order dated August 15, 1923, sustained the position taken by the administrator and discharged the rule. From this order the Bank has appealed.

An administrator with the will annexed occupies the same relation to the estate as an executor, and for all general purposes of administration is simply an executor under another name, the practical difference under our statutes being that he is required to give bond, while an executor is not. 11 R. C. L., 419, § 510.

So that to simplify the issue upon this appeal, the question may be stated in this way: What effect has the decree of the Court of Probate, declaring the invalidity of a will, upon the powers of an executor under such will, pending an appeal by the executor from such decree?

The result of a decree rejecting the will would necessarily be to revoke the appointment of executor, which owes its validity to the validity of the will, and to authorize the appointment of a general administrator, as of an intestate estate, and when such a decree is final, this is the logical course for the Probate Judge to pursue, but when there is an appeal pending from such a decree, the matter is controlled by the provisions of Section 189, Code C. P., 1922:

"When an appeal, according to law, is taken from any sentence or decree of the Probate Court, all proceedings in pursuance of the order, sentence, or decree appealed from, shall cease until the judgment of the Circuit or Supreme Court is had."

The appointment of a general administrator, after the will has been rejected, must of course be in pursuance of the decree declaring the will invalid; and, under provisions of the statute quoted, this, as well as all other proceedings based upon the result of the decree, must rest in abeyance pending the judgment of the appellate tribunals. This is the plain purport of the decision of this Court in the case of *Ex parte Seay,* 63 S. C., 130; 41 S. E., 17, in which it was held that where the decree of the Probate Court rejected the will, and there was an appeal pending therefrom, the Court was without jurisdiction to appoint a general administrator, by reason of the statute above quoted.

If there be any merit in the petition of the Bank now under review, it must be based upon the decree of the Probate Court rejecting the will; in other words, it is a proceeding in pursuance of that decree, which, under the statute, must be in abeyance until final judgment.

We must assume that the interests of the estate will be amply protected by the bond of the administrator.

The order of the Chief Justice meets with the approval of this Court, and is accordingly affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.