Davis v. Lennen.

---

No. 14,240.

DAVIS v. LENNEN.

PARTITION.—*Title not in Issue.—Division of Land.*—Where the title is not put in issue in a partition proceeding the judgment does no more than divide the land. The title may be put in issue, and if so the decree is conclusive.

SHERIFF'S SALE.—*Upon Decree against Married Woman.—Land Held in Virtue of Previous Marriage.—Sale does not Pass Title.*—A purchaser at a sale made upon a decree of foreclosure rendered against a woman who acquires property from her first husband under the statute, and who marries a second time, acquires no title by mere force of the decree and sale.

QUIETING TITLE.—*Conclusive Decree.—Collateral Attack.*—In a suit to quiet title, where there is jurisdiction, a decree declaring the plaintiff to be the owner in fee simple of the land, with an order that the title of the plaintiff be quieted as to all of the defendants, and that they be divested of all title, is conclusive upon all the parties to the suit, and is not subject to collateral attack.

From the Henry Circuit Court.

*C. L. Henry* and *H. C. Ryan*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

ELLIOTT, J.—The land in controversy was owned, at one time, by Thomas E. Scott, and he was at the time the owner

| 125 | 185 |
| 127 | 498 |
| 125 | 185 |
| 128 | 436 |
| 125 | 185 |
| 132 | 64 |
| 125 | 185 |
| 135 | 173 |
| 125 | 185 |
| 140 | 543 |
| 125 | 185 |
| 146 | 9 |
| 147 | 401 |
| 125 | 185 |
| 148 | 395 |
| 125 | 185 |
| 161 | 387 |

of other lands.  He made a will, and  died sometime after-wards.  His will was duly admitted. to probate on the 3d day of September, 1863.  In the first item of his will he made a disposition of all of his personal estate.  The second item reads thus :  " I devise and will to my children  herein named, to share among them equally, to wit:  James Scott, William Scott, Nancy Scott, Mary E. Scott, and Martha E. Scott, my daughters begotten of the body of Eliza Bell, said children to take said  real estate, subject  to the right of my wife, Sarah E. Scott, under the statutes of this State."  The appellee  was the widow of Thomas E. Scott, the  testator. After the will was admitted to probate partition of the lands was made by agreement between the  appellee and the chil-dren of the testator named in his will.  This agreement was made in a suit for partition, and embodied in a decree.  The land here in controversy was set off to the appellee in sever-alty.  Subsequently the appellee married Peter Lennen, and on the 3d day of February, 1870, she and her husband, Peter Lennen, sold and conveyed the land to Columbus Davis, who entered into  possession.  Afterwards  Columbus  Davis sold and conveyed the land to his wife, Clarinda Davis.  In May, 1881, Clarinda Davis brought suit to quiet title, and she ob-tained a decree.  After the rendition of this decree Clarinda Davis and her husband executed a mortgage upon the land, and on this mortgage a  decree  of foreclosure was rendered. At the sale made on the decree the appellant  purchased the land, and under that decree now claims title.

Our decisions declare  that where  the provisions of a will are the same as those of the law, the devisee will be deemed to take by the law, and not under the provisions of the will. *Stilwell* v. *Knapper*, 69 Ind. 558 ; *Davidson* v. *Koehler*, 76 Ind. 398 ; *Davidson* v. *Bates*, 111 Ind. 391.  In this in-stance the provisions of the will are unusually clear and ex-plicit, for it is expressly declared  that the widow shall take such an estate as the statute gives her.

It is settled by our decisions that where  the title is not in

issue, in a partition proceeding, the judgment does no more than divide the land, although it is otherwise where the title is put in issue. *Avery* v. *Akins*, 74 Ind. 283 ; *Utterback* v. *Terhune*, 75 Ind. 363 ; *Miller* v. *Noble*, 86 Ind. 527 ; *Woolery* v. *Grayson*, 110 Ind. 149 ; *Luntz* v. *Greve*, 102 Ind. 173 ; *Spencer* v. *McGonagle*, 107 Ind. 410 ; *L'Hommedieu* v. *Cincinnati, etc., R. W. Co.*, 120 Ind. 435.

Title may be put in issue in partition proceedings, and if it is in issue the decree is conclusive. *McMahan* v. *Newcomer*, 82 Ind. 565 ; *Ferris* v. *Reed*, 87 Ind. 123 ; *Thorp* v. *Hanes*, 107 Ind. 324.

The title was not put in issue in the partition proceeding, nor adjudicated, and the right of the testator's widow was, therefore, not affected, except as to the parcel which she was entitled to hold in severalty, and as to that no further than to vest it in her in severalty under the law, and exclude her from the other lands. In other words, the decree in partition simply determined what she should take in severalty, not by what title she should hold it. Whatever the tenure of her holding at the time the proceedings were begun, by that tenure she continued to hold so far as concerns the decree of partition.

A purchaser at a sale made upon a decree of foreclosure rendered against a woman who acquires property from her first husband under the statute, and who marries a second time, does not acquire by mere force of the decree and sale a fee simple title, nor, indeed, any title at all. *McCullough* v. *Davis*, 108 Ind. 292. It is evident, therefore, that if the appellant acquired title it must be for the reason that some decree or judgment other than the decrees in the partition proceedings and foreclosure suit vested it in Clarinda Davis.

If the appellant acquired title it must be for the reason that the decree in the suit to quiet title divested the title of the appellee and the other defendants to that suit, and quieted it in Clarinda Davis. If the decree in that suit did quiet title in her, it freed the property from all claims of whatso-

ever nature of the defendants existing at the time the suit was instituted, for it is settled law that a decree quieting title concludes the parties. This has long been established law. *Jackson* v. *Smith,* 120 Ind. 520 (524) ; *Watkins* v. *Winings,* 102 Ind. 330 ; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581 ; *Faught* v. *Faught,* 98 Ind. 470 ; *Ragsdale* v. *Mitchell,* 97 Ind. 458 ; *Farrar* v. *Clark,* 97 Ind. 447 ; *Cooter* v. *Baston,* 89 Ind. 185 (186) ; *Green* v. *Glynn,* 71 Ind. 336 ; *Lessee of Parrish* v. *Ferris,* 2 Black, 606 ; *Starr* v. *Stark,* 1 Sawy. C. C. 270 ; *Reed* v. *Calderwood,* 32 Cal. 109 ; *Merced Mining Co.* v. *Fremont,* 7 Cal. 317 ; *Curtis* v. *Sutter,* 15 Cal. 259.

A complaint to quiet title challenges the defendants to present their claims, and directly gives them an opportunity to assert their interest or title, and if they fail to do so they are concluded. This doctrine is as old as this court—indeed, it is much older. *Fischli* v. *Fischli,* 1 Blackf. 360. It has been approved and enforced time and time again.

In the suit to quiet title Clarinda Davis asserted that she was the owner of the land in fee simple, and it was this assertion of ownership that the defendants were challenged to contest. If she was, in fact, the sole owner in fee, the defendants could not possibly have any title whatever, for the existence of a fee simple is always and absolutely exclusive. *Dumont* v. *Dufore,* 27 Ind. 263 ; *Rogers* v. *Beach,* 115 Ind. 413 (415) ; *Carver* v. *Carver,* 97 Ind. 497 (504).

The decree declares that the widow of Thomas E. Scott took and held the land in fee simple, and recites the conveyances to Clarinda Davis. This of itself is an adjudication that the grantor of Clarinda Davis was the owner in fee of the land, and concludes all who were defendants to that suit. But there is much more in the decree, for it is found and declared by the court that all of the allegations of the complaint are true, and this is, of course, a finding that the statement of the complaint that the plaintiff was the owner in fee simple is true. If she was the sole owner in fee the controversy is at an end. There is a further decretal order,

which, if possible, strengthens the appellant's title. That order reads thus : " That the title of the said Clarinda Davis be forever quieted and set at rest as to all and each of said defendants, and that they, and each of them, be forever divested of all right, title, interest and claim in and to said real estate, and every part thereof." That this decree concludes the appellee, and all who were parties to the suit to quiet title, is to our minds too clear for controversy.

It matters not how many or how great the errors of the court in the course of the suit, the decree is not void, and if not void no collateral attack can be availing. We can look no further than the question of jurisdiction, and that there was jurisdiction is not controverted. *Lantz* v. *Maffett*, 102 Ind. 23.

Judgment reversed.

Filed June 6, 1890.