## POFFINBARGER *v.* SUMNER.

[No. 23,132.   Filed November 15, 1917.]

1. APPEAL.—*Right of Appeal.—Waiver.—Acquiescence in Judgment.*—A party to a judgment impliedly waives his right to appeal therefrom if he voluntarily acquiesces in or recognizes the validity of such judgment or otherwise takes a position which would be inconsistent on any theory other than the validity and binding force of the judgment. p. 599.

2. EXECUTORS AND ADMINISTRATORS.—*Will Contest.—Administration.—Statutes.*—Until the validity of a contested will is finally determined, the court in which the estate is pending cannot proceed with the administration further than it is authorized to do by §§2753, 2754, 2755 Burns 1914, §§2237, 2238, 2239 R. S. 1881, providing for special administrations, since it is uncertain whether the estate should proceed to final settlement under the will through an executor or under the statute through a general administrator. p. 600.

3. APPEAL.—*Right of Appeal.—Waiver.—Judgment Denying Probate.—Acquiescence.*—Where the defendant in a suit to contest a will after appealing from an adverse judgment, applied for and secured the appointment of a general administrator for the estate, she acquiesced in the judgment by which the will was denied probation and impliedly acknowledged its binding force and effect, thereby waiving her right to prosecute an appeal. p. 600.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Charles W. Sumner against Rosella Poffinbarger. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*Floyd G. Christian, Ralph H. Waltz, Ira W. Christian, Gentry & Campbell* and *Phil J. Fariss,* for appellant.

*Shirts &. Fertig,* for appellees.

LAIRY, J.—This is an appeal from a judgment in a will contest setting aside the will of Mary Ann Sumner, filed by appellant for probate in the Hamilton Circuit Court. At the outset the court is confronted by a motion to dismiss the appeal, which is supported by a showing that subsequent to the rendition of the judgment setting aside the will and denying it probate, and before perfecting an appeal by filing the transcript and assignment of errors in this court, appellant filed in the Hamilton Circuit Court her sworn application for the appointment of a general administrator of the estate of Mary Ann Sumner, alleging therein that said Mary Ann Sumner departed this life intestate in Hamilton county, Indiana, leaving an estate therein, and requesting that the Wainwright Trust Company be appointed by the court as such administrator. It is further shown in support of the motion to dismiss that the court granted the petition of appellant and appointed the Wainwright Trust Company as administrator of such estate, and that under the order of the court general letters of administration were issued to said trust company, which entered upon the discharge of its duties as administrator of such estate and is still so acting.

Appellee asserts that the action of appellant in applying for and securing the appointment of a general administrator, as alleged, amounted to a recognition of the validity of the judgment denying probate to the will of Mary Ann Sumner, and that by thus acquiescing in the judgment and pursuing a course with reference to the estate which was wholly inconsistent with the existence of a valid will, appellant waived her right to have the judgment reviewed by this court.

It is well settled that a party to a judgment impliedly waives his right to appeal therefrom if he voluntarily acquiesces in or recognizes the validity of such 1. judgment or otherwise takes a position which would be inconsistent on any theory other than the validity and binding force of the judgment. 3 C. J. 665; *Succession of Theriot* (1905), 114 La. 611, 38 South. 471; *Elwert* v. *Marley* (1909), 53 Ore. 591, 99 Pac. 887, 101 Pac. 671, 133 Am. St. 850; *Beard* v. *Hosier* (1914), 58 Ind. App. 14, 107 N. E. 558; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385.

In *Ehrman* v. *Astoria R. Co.* (1894), 26 Ore. 377, 38 Pac. 306, it was held that the right to appeal from a decree refusing to foreclose a mechanic's lien was waived by bringing an action in attachment after the decree was entered where the right of attachment was conditioned upon the fact that the claim was not secured by any lien. In that case the right to maintain the attachment suit was inconsistent with the existence of any valid lien. In *Stauffer* v. *Salimonie Min., etc., Co.* (1896), 147 Ind. 71, 46 N. E. 342, the owners of real estate brought suit to cancel a lease made by them on certain land, and judgment was rendered against them. After appealing from the judgment they sold the leased land and transferred to the grantee their interest in the lease, and later accepted from the lessee the rent due up to the time of the transfer. This conduct was held to amount to recognition of the validity of the lease, which had been held valid by the judgment, which they were seeking to reverse by the appeal. The appeal was accordingly dismissed. To the same effect is *Ewing* v. *Ewing* (1903), 161 Ind. 484, 69 N. E. 156. It has also been held that a person against whom a decree of divorce has been rendered will not be permitted to prosecute an appeal after he recognized the validity of the decree by remarrying.

*Garner* v. *Garner* (1871), 38 Ind. 139; *Stephens* v. *Stephens* (1875), 51 Ind. 542.

The effect of a decision in a will contest is to determine whether the estate of a decedent shall be settled and distributed under the provisions of the

2. will, or whether it shall be settled and distributed under the provisions of the statute relating to the descent and distribution of property of persons dying intestate. If the will is sustained, an executor, or administrator with the will annexed must proceed to carry out the terms of the will and distribute the property according to its provisions; but, if the will is set aside, the estate must be settled by a general administrator and the property must be distributed in accordance with the statutes on that subject. Until the validity of a contested will is finally determined, the court in which the estate is pending cannot proceed with the administration further than it is authorized to do by §§2753, 2754, 2755 Burns 1914, §§2237, 2238, 2239 R. S. 1881, providing for special administrations. Until the validity of a will is finally determined it is uncertain whether the estate should proceed to final settlement under the will through an executor or under the statute through a general administrator. *Dinwiddie* v. *Shipman* (1914), 183 Ind. 82, 108 N. E. 228.

By filing her application and procuring the appointment of a general administrator appellant took the first

step in a proceeding to have the estate settled

3. and the proceeds distributed under the provisions of the statute relating to the descent and distribution of estates of persons dying intestate. Such a proceeding is wholly inconsistent with the existence of a valid will. By taking this step appellant acquiesced in the judgment by which the will was denied probation and impliedly acknowledged its binding force and effect. That being true she has waived her right to

prosecute an appeal to secure its reversal. Appeal dismissed.

NOTE.—Reported in 117 N. E. 646. See under (1) 3 C. J. 665; 2 Cyc 644.