HOLLOWELL ET AL. *v.* LEARY.

[No. 9,605.  Filed October 11, 1918.  Rehearing denied December 20, 1918.  Transfer denied February 21, 1919.]

1. APPEAL.—*Motion to Dismiss.—Scope of Review.*—For the purposes of a motion to dismiss an appeal, all rulings of the trial court must be treated as correct, and the parties as governed by the judgment last rendered, subject to its proper presentation for review, and in passing upon a motion for dismissal the court cannot consider plaintiff's contention that a default judgment from which no appeal was taken was erroneously set aside, since that issue could be determined only by a review of the appeal on its merits.  p. 458.

2.  APPEAL.—*Dismissal.—Acceptance of Benefits of Judgment.—* Where a husband and wife secured a judgment canceling deeds given by the wife and returning a fee-simple title to her, and thereafter they mortgaged and warranted the legal title to the property, they impliedly recognized the validity of the judgment, and are estopped to prosecute an appeal to challenge its correctness as regards certain claims allowed thereby in favor of defendant on account of liens and incumbrances against the property which he had paid.  p. 459.

From Marion Circuit Court (24,925); *Louis B. Ewbank,* Judge.

Action by Mary I. Hollowell against James I. Leary. A cross-complaint was filed making Amos K. Hollowell a party defendant. From the judgment rendered, the defendants appeal. *Appeal dismissed.*

*William V. Rooker,* for appellants.
*William W. Lowry,* for appellee.

HOTTEL, J.—Appellee has filed a motion to dismiss this appeal. The facts which give rise to the appeal, pertinent and necessary to an understanding of our disposition of said motion, are as follows: Prior to August 22, 1914, appellant, Mary Hollowell, was the owner in fee simple of certain real estate in the city of Indianapolis, and in possession thereof. Shortly before the above date, her husband, appellant Amos K. Hollowell, became interested in a business proposition which was being promoted by appellee under the name of the Aero Manufacturing Company, and entered into an agreement with appellee to purchase an interest in said company. In order to carry out this agreement, Amos Hollowell induced his wife, on the strength of certain representations made by appellee relative to the business of the Aero Manufacturing Company and the value of its product, to deed

the real estate in question to appellee in part payment of the obligation which he had thus assumed. The representations made by appellee proved to be untrue, and in February, 1915, Mrs. Hollowell brought an action against appellee to quiet her title to said real estate, and to have the deeds of August 22, 1914, declared void. Appellee was a nonresident, and was served with notice of said action by publication only. On this service he was defaulted, and afterward, to wit, on July 12, 1915, a trial resulted in a judgment in favor of Mrs. Hollowell, quieting her title in said real estate against all claims of appellee. On July 24, 1915, a tenant failed to pay rent on said real estate to appellee's agent, whereupon appellee filed a suit for possession before a justice of the peace. On notice served by the tenant, who had attorned to her, Mrs. Hollowell appeared in that action and set up her interest in said real estate, whereupon the case was certified to the circuit court. Appellee, thus having learned of the action and judgment taken against him in the circuit court, gave notice that he would apply to said court to set aside said judgment and permit him to defend. On this application said judgment of July 12 was opened, and appellee was admitted to defend said action. Amos Hollowell was then made a party to the action as a defendant to a counterclaim filed by appellee. On April 11, 1916, the cause was tried a second time, and resulted in a judgment, the effect of which was to cancel and set aside the deeds to appellee as invalid, subject, however, to the condition that the fee-simple title thus returned to Mrs. Hollowell should be held subject to certain claims in favor of appellee on account of liens and incumbrances against the property which he had paid

during the time that he held the legal title.   From this judgment, the appeal is taken.

One ground, among others, on which appellee predicates his motion to dismiss the appeal, is that appellants, since the rendition of the judgment in question, have mortgaged and warranted the legal title to said property to their counsel, thus recognizing the effect of said judgment and accepting its benefits.   Appellants admit the execution of said mortgage, but contend, as against this ground of appellee's motion, that Mrs. Hollowell's title to the real estate in controversy was determined by the judgment of July 12, 1915, from which no appeal was taken.   This contention rests on the premise that the action of the trial court in opening the judgment of July 12 was erroneous and of no effect, but that issue is one of the questions which could necessarily be determined only in view of this appeal on its merits. For the purposes of the motion to dismiss, all rulings of the trial court must be treated as correct, and the parties as governed by the judgment last rendered, subject to its proper presentation for review.

Substantially the same question now under consideration was presented to this court in the case of *Evans* v. *Seevers* (1916), 62 Ind. App. 20, 111 N. E. 438, and it was there held that the acceptance of payment for support under a decree which quieted title in favor of appellee, subject to a lien for the support of appellant's codefendant, and canceled a deed from the codefendant to appellant, was a recognition of the validity of the judgment sufficient to operate as a waiver of the right of appeal.

In the case of *Poffinbarger* v. *Sumner* (1917), 186 Ind. 597, 117 N. E. 646, the Supreme Court held that,

where a defendant in a will contest, after appealing from the judgment setting aside the will, applied for and secured the appointment of a general administrator of the estate, she impliedly recognized the binding effect of the judgment, and waived her right to prosecute an appeal therefrom.

So, in the case at bar, appellants, in mortgaging and warranting the legal title to the property in question, impliedly recognized the validity of 2. the judgment which they now challenge, at least to the extent that it annuls the deeds to appellee, and they are now estopped to prosecute this appeal. They cannot accept of its benefits and reject its obligations.

Appellants call attention to the fact that the assignments of error in this case are both joint and several, and insist that appellee's motion "does not assume to be addressed to their several appeals." This contention is based on a failure to recognize the distinction between an assignment of errors and the taking of an appeal. There is but one appeal here presented, and, under the circumstances set out in the motion to dismiss, the rights of each appellant are affected in the same manner, since each one joined. in the mortgage executed to their counsel.

The remaining grounds of appellee's motion, and the alleged defenses thereto, need not be considered, since, for the reasons above stated, the appeal must be dismissed.

The appeal is therefore dismissed.