## ROOKER v. LEARY ET AL.

[No. 11,873. Filed November 6, 1925. Rehearing denied January 6, 1926.]

1. JUDGMENT.—*Decree of subrogation of grantee to liens paid by him while in possession under deed set aside for his fraud was proper although "subrogation" not mentioned in his pleading.*—Where a deed was set aside for fraud of the grantee, a judgment subrogating him to liens paid by him while in possession under such deed was proper although his prayer for

relief in his pleading in the suit in which the deed was set aside did not mention subrogation but the facts pleaded justified it.    p. 82.

2.  PLEADING.—The theory of a pleading is not to be determined by its prayer but by the facts pleaded therein.    p. 82.

3.  JUDGMENT.—*Judgment granting defendant right of subrogation not subject to collateral attack although facts pleaded did not justify the judgment.*—Where a court having jurisdiction of the subject-matter and of the parties rendered a judgment to the effect that the defendant was entitled to be subrogated to certain liens which he had paid, the judgment is not subject to collateral attack although the facts pleaded did not justify the granting of such judgment.    p. 82.

4.  LIS PENDENS.—*Mortgage taken during pendency of suit.*— A mortgage taken on land during the pendency of a suit to set aside a deed to the same is subject to the rights of the parties declared by the decree therein.    p. 83.

From Marion Superior Court (A 7,861) ; *Sidney S. Miller,* Judge.

Suit by the Railroadmen's Building and Savings Association to foreclose a mortgage against William V. Rooker and James I. Leary and others, in which the defendant Rooker filed a cross-complaint to foreclose a mortgage and the defendant Leary filed a cross-complaint to enforce certain liens.    From a decree foreclosing said liens as prior to said defendant's mortgage, the latter appeals. . *Affirmed.*    By the court in banc.

*William V. Rooker,* for appellant.

*Ralston, Gates, Lairy, Van Nuys & Barnard,* for appellees.

PER CURIAM.—Suit by the Railroadmen's Building and Savings Association to foreclose a mortgage executed by Mary I. Hollowell and Amos K. Hollowell. Junior lienholders, including appellant, also a mortgagee, were made defendants.    Appellant's mortgage included property other than that mentioned in the mortgage of the building association.    As to all the affected property, appellee Leary claimed an interest.

Appellant filed a cross-complaint to foreclose his mortgage and made appellee Leary, hereinafter mentioned as "appellee," a defendant.

Appellee filed a cross-complaint setting up his claim and made appellant a defendant.

The only issues which are presented here arise upon the respective cross-complaints of appellant and appellee.

In his cross-complaint, appellant set up the execution to him by the Hollowells on April 6, 1916, of a mortgage on certain described real estate in Marion county, Indiana, to secure the payment of a promissory note in the principal sum of $500 executed to the mortgagee by the mortgagors. There were answers in denial.

Appellee averred in his cross-complaint facts, and a subsequent proceeding and judgment of the Marion Circuit Court entered in another and different cause on April 11, 1916, as hereinafter appears, upon certain subrogated claims.

Appellant's demurrer for want of facts to this cross-complaint was overruled, and thereupon appellant answered in denial.

At the trial, the court made a special finding of facts. Conclusions of law were stated in favor of appellee, upon which judgment was rendered in favor of appellee, from which this appeal. Appellee has filed his motion to dismiss the appeal, but we conclude to decide the case on its merits without considering the technical questions of appellee's motion to dismiss. The motion is therefore overruled. Appellant relies upon alleged error of the court in overruling his demurrer to appellee's cross-complaint, and error in the court's conclusions of law, both of which errors present substantially the same question. The facts, so far as here involved, and briefly stated, are that on August 22, 1914, Mary I. Hollowell and Amos K., her husband, executed

to appellee James I. Leary, their warranty deeds to two certain lots then owned by her. These deeds were executed subject to certain mortgages and other incumbrances which the grantee, Leary, appellee herein, assumed. Thereafter, on May 11, 1915, Mary I. Hollowell filed suit in the Marion Circuit Court against appellee, asking that said deeds be set aside on the ground of fraud. Appellee, in this circuit court action, filed a cross-complaint setting up that the land was deeded to him for certain corporate stock which, for the purpose of the deal in question, was valued at $5,000, that the equity of grantors in said lots was $3,900; that the husband gave appellee his note for $1,100 making the balance of said $5,000; that, over and above the equity of $3,900 in said lots, were a mortgage to the building association for $1,000 on one of the lots and taxes for the year 1914, a mortgage to one Yandes on the other for $2,000, and a second mortgage to the Harrison Construction Company for $505.71, and taxes for the year 1914; that appellee took both of said lots subject to said mortgages and incumbrances, which he assumed.

In this cross-complaint in the circuit court action, appellee averred that he had, since taking said deeds, paid off all of said liens and incumbrances excepting the mortgage to the building association on which he had made the stipulated payments during the time he was in possession of and held title to said lots, and asked, if the court should decree that the title to said lots be placed back in the Hollowells, that, in such event, the court order returned to him the corporate stock which he had given the Hollowells and that he be recouped for payments with interest thereon made by him in discharging said liens and incumbrances for the purpose of protecting said real estate and the title thereto, during the time that he held the same, and for any and all

proper relief. At the trial of that cause, on April 11, 1916, the court made a special finding of facts, in which it stated the facts substantially as above, and further ·found that the corporate stock used by appellee as payment of part of the purchase price of said lots was worthless and that the earning power of the corporation was misrepresented to the Hollowells by appellee. It was further found that during the time Leary held title to and possession of said lots, he paid off the liens and incumbrances heretofore mentioned, in the amount of $2,882.81, and that, by said payments, said lots and Mrs. Hollowell's title thereto were benefited in that amount, and that said payments were made by appellee as a part of the purchase price for said lots. On this special finding of facts, the Marion Circuit Court stated its conclusions of law, and thereupon rendered judgment setting aside said conveyance and adjudging that appellee held an interest in and lien upon the real estate involved in the amount that valid liens and incumbrances on said real estate had been paid off, in whole or in part by him, being in the total sum of $2,882.81, said payments having been made by him while he held possession of said real estate under the deeds of conveyance so set aside, and further adjudging him the right to procure a determination of the amounts thereof,, and to enforce payments and foreclose said liens, and each of them, by suits against said Hollowells. The title in and to such real estate recovered by her was expressly adjudged to be subject to the lien of all such amounts so paid by him while holding said real estate under such deeds of conveyance, to the same extent as they were respectively charges against and liens upon said real estate at the time she executed said conveyance.

VOL. 84—6

The Hollowells appealed from the judgment of the Marion Circuit Court above set out, but the appeal was dismissed.   See *Hollowell* v. *Leary* (1918), 69 Ind. App. 455, 120 N. E. 385.   The judgment, therefore, stands as originally rendered, in full force and effect.

As aforesaid, this action was brought by the building association to foreclose a mortgage, which was one of the incumbrances which appellee had assumed as part of the purchase price in originally acquiring the property from the Hollowells, and on which, he did make the stipulated monthly payments during the time he held title and possession.   In this suit, appellant filed a cross-complaint to foreclose his $500 attorney-fee mortgage, heretofore mentioned, and appellee filed cross-complaint in two paragraphs to foreclose the liens to which he was subrogated by the judgment of the Marion Circuit Court in the prior action, and the trial resulted, as aforesaid, in favor of appellee.

Appellant contends that appellee's cross-complaint in the circuit court action did not tender an issue upon which there could be predicated the court's judg-

1-3. ment subrogating appellee to the rights of the lien-holders whose liens he had discharged, but, in this, he is wholly mistaken.   The cross-complaint fully sets up the payment by Leary of the liens on the real estate while he was in possession under the deeds afterward set aside with a proper prayer that justified the relief granted.   Appellant argues at length the fraud perpetrated by appellee upon the Hollowells by which he obtained the deeds afterward set aside by the judgment of the Marion Circuit Court, and contends that, because of such fraud, a judgment giving him the relief granted by said court was erroneous.   But, as we see this case, we have nothing to do with the fraudulent transaction out of which the suit in the Marion Circuit Court grew.   We may concede that appellee's

conduct was most reprehensible, but this does not authorize us to go behind the Marion Circuit Court judgment, even though we deemed it erroneous. The attack which appellant undertakes to make on such judgment is a collateral attack. There is no contention that the court did not have jurisdiction, both of the parties and of the subject-matter. The judgment was clearly within the issues. Though it be conceded that appellee, in his prayer for relief, did not mention subrogation, still the theory of the cross-complaint is to be determined not by the prayer, but by its averments of facts. *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177, and these were amply sufficient to justify a decree of subrogation. But even if, under the facts pleaded, appellee was not entitled to subrogation, the error in granting it cannot be reached by collateral attack. *Evans* v. *Ashby* (1864), 22 Ind. 15; *Marshall* v. *Gill* (1881), 77 Ind. 402; *Sauer* v. *Twining* (1882), 81 Ind. 366; *Davis* v. *Lennen* (1890), 125 Ind. 185, 24 N. E. 885; *Walker* v. *Hill* (1887), 111 Ind. 223, 12 N. E. 387; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 308, 15 N. E. 451, 3 Am. St. 650; *Boyer* v. *Berryman* (1890), 123 Ind. 451, 24 N. E. 249; *Ferris* v. *Udell* (1894), 139 Ind. 579, 38 N. E. 180; *Board of Children's Guardians* v. *Shutter* (1893), 139 Ind. 268, 34 N. E. 665, 31 L. R. A. 740; *Bennett* v. *Wilson* (1901), 133 Cal. 379, 65 Pac. 880, 85 Am. St. 207; *Weigley* v. *Matson* (1888), 125 Ill. 64, 16 N. E. 881; *Penhallow* v. *Doane* (1795), 3 Dall. 53, 1 L. Ed. 507; *Harris* v. *Hardeman* (1852), 14 How. 333, 14 L. Ed. 444.

Appellant's mortgage was taken during the pendency of the proceeding to set aside the deeds, in which appellee was granted the relief which he here seeks to enforce. His mortgage was, therefore, subject to appellees' rights under the decree. *Wilson* v. *Hefflin* (1881), 81 Ind. 35; *Randall* v. *Lower* (1884),

98 Ind. 255; *Krug* v. *David* (1885), 101 Ind. 75; *Truitt* v. *Truitt* (1871), 38 Ind. 16.

We find no error. Judgment affirmed.