RENGES, INC. and Richard R. Segner, Appellants (Defendants),

v.

PAC FINANCIAL CORPORATION, Appellee (Plaintiff).

No. 2–985–A–288.

Court of Appeals of Indiana, Second District.

Nov. 23, 1987.

Michael E. Farrer, Bingham, Farrer & Wilson, for Renges, Inc.

Steven C. Smith, Anderson, for Richard R. Segner.

Max Howard, Anderson, Lon C. Woods, Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, Judge.

Appellants-defendants Renges, Inc. (Renges) and Richard R. Segner (Segner) [hereinafter collectively referred to as the Lessees] appeal from the trial court's judgment finding the Lessees liable to appellee-plaintiff PAC Financial Corporation (PAC Financial) for an amount owed under a lease agreement and for attorneys fees.

This appeal must be dismissed.

## FACTS

In light of our disposition of this case, only the following procedural facts are pertinent. On June 4, 1985, the Lessees were found by the trial court to be in default on a lease agreement and personal guaranty and thus liable to PAC Financial in the amount of $39,161.78, plus approximately $8,000 in attorneys fees. The trial court also ordered that the mortgage given to PAC Financial by Segner be foreclosed.

The Lessees filed their motion to correct error and a motion for stay of execution pending disposition of the motion and appeal. On July 31, 1985, the trial court granted the stay on the condition that the Lessees posted a $40,000 bond. Segner and Renges did not post bond, but filed notice on August 7, 1985 and September 5, 1985, respectively, of their voluntary petitions filed in the bankruptcy court.

The bankruptcy court approved an agreement on March 19, 1986 between PAC Financial and Segner, whereby Segner agreed to make payments in satisfaction of the trial court's judgment. The bankruptcy court's order provided a plan of payment to PAC Financial by Segner. It also provided that the automatic stay imposed by the filing of bankruptcy would be lifted only if the agreement was breached, if the plan was not confirmed within the prescribed amount of time, or if PAC Financial no longer felt adequately protected. Despite the bankruptcy court's order, the Lessees continued to perfect this appeal by filing their praecipe on September 5, 1985, and the record of proceedings on January 2, 1986.

## ISSUE

One issue is dispositive:[1]

Should this appeal be dismissed?

## DECISION

PARTIES' CONTENTIONS—PAC Financial alleged in its previous motion to dismiss, as it does briefly in this appeal, that the issues raised by the Lessees are moot due to the petitions in bankruptcy filed after judgment, and because Segner has commenced payments to PAC Financial pursuant to the bankruptcy court's order which provided for the payment of the trial court's judgment.

The Lessees do not address these contentions in their brief. However, in response to PAC Financial's previous motion to dismiss, the Lessees basically contended that the agreed entry in the bankruptcy court does not limit their right to proceed with an appeal, that PAC Financial was aware of the appeal at the time of the agreed entry, and that the bankruptcy court's order can be changed if this court modifies or overturns the trial court's judgment. Thus, the Lessees would run with both the hares and the hounds.

CONCLUSION—This appeal must be dismissed.

We are compelled to dismiss this appeal because of the provisions of 11 U.S.C.A. § 362.

The automatic stay provided for in § 362 is broad in scope. *In Re Haffner* (Bankr.N.D.Ind.1982), 25 B.R. 882. Section 362(a)(1) provides that the filing of a petition in bankruptcy operates as an automatic stay of "the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title...." 11 U.S.C.A. § 362; *see also Cathey v. Johns–Manville Sales Corp.* (6th Cir. 1983), 711 F.2d 60, *cert. denied,* — U.S. ——, 106 S.Ct. 3335, 92 L.Ed.2d 740; *Life Science Church v. Personette* (Bankr.N.D. Ind.1983), 34 B.R. 529. The automatic stay

takes effect from the time the bankruptcy petitions are filed and persists until the stay is lifted. *Pope v. Manville Forest Prods. Corp.* (5th Cir.1985), 778 F.2d 238; *NLT Computer Servs. Corp. v. Capital Computer Sys., Inc.* (6th Cir.1985), 755 F.2d 1253; *Irving Levitt Co. v. Sudbury Management Assocs.* (1984), 19 Mass. App.Ct. 12, 471 N.E.2d 387. All legal actions pending or to be taken against the debtor are halted. *United Northwest Fed. Credit Union v. Arens* (1983), 233 Kan. 514, 664 P.2d 811; *Howard v. Howard* (1984), Tex.Civ.App., 670 S.W.2d 737. There is no showing here that the automatic stay has been lifted.

In *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.* (3d Cir.1982), 682 F.2d 446, the court wrestled with the issue of whether, under § 362, a stay becomes operative when the trial stage of a cause brought against a debtor has concluded prior to the filing of a petition in bankruptcy and the debtor then appeals. The court concluded that § 362 applies to "all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee." *Id.* at 449. Because at the inception of the case the proceeding was against the debtor, the court concluded that § 362 applied, and the court could not proceed with the appeal. *Id.; see also Commerzanstalt v. Telewide Sys., Inc.* (2d Cir.1986), 790 F.2d 206; *Cathey, supra; Kessel v. Peterson* (1984), N.D., 350 N.W.2d 603.

So we dismiss this appeal because the filing of the Lessees' petitions in bankruptcy stays any further proceedings in continuation of the initial action brought against the Lessees. Any exercise of jurisdiction over the appeal by this court would be of no effect, as the bankruptcy court retains jurisdiction pending the stay. *See Gibbs v. Housing Auth.* (Bankr.D.Conn. 1981), 9 B.R. 758; *United Northwest Fed. Credit Union, supra; Raikes v. Langford* (1985), Ky.App., 701 S.W.2d 142. Acts tak-

---

1. Due to our resolution of this case, we need not reach the Lessees' claims that the trial court erred in awarding PAC Financial attorneys fees, in finding the Lessees in default under the lease, guaranty and mortgage, and in finding that PAC Financial failed to act in good faith.

en in violation of the automatic stay are void and without effect. *In Re Albany Partners* (11th Cir.1984); 749 F.2d 670; *In Re Kiki, Ltd.* (Bankr.D.Hawaii 1983), 40 B.R. 82; *In Re Holland* (Bankr.N.D.Ind. 1982), 21 B.R. 681.

In light of the automatic stay, we may not proceed with the application of state law when to do so would frustrate the goals of the Bankruptcy Act. *See Draggoo Elec. v. Indiana Employment Sec. Div.* (Bankr.N.D.Ind.1986), 57 B.R. 916; *In Re Bonant* (Bankr.C.D.Cal.1979), 1 B.R. 335; *Cohen v. Cohen* (1980), 105 Cal.App.3d 836, 164 Cal.Rptr. 672. "Because bankruptcy law is federal law, enacted pursuant to the constitutional grant of bankruptcy power, it preempts state law ... pursuant to the supremacy clause of the United States Constitution." *In Re Safren* (Bankr.C.D.Cal. 1986), 65 B.R. 566, 573; *see also University of Alabama Hosp. v. Warren* (Bankr.N. D.Ala.1980), 7 B.R. 201 (bankruptcy law is paramount over state law); *cf. Cohen, supra* (exercise of state jurisdiction which indirectly or directly nullifies bankruptcy laws regarding discharge would be contrary to federal supremacy clause). In effect, the flow of the river of state law in this action has been dammed by a preempting federal statute.

Dismissal of this appeal also stands on a second leg. PAC Financial indicates, and relevant documents demonstrate, that Segner has agreed to pay the trial court's judgment, and has in fact paid the attorneys fees referred to in the bankruptcy court's order, and is making payments to PAC Financial toward satisfaction of the judgment. A party impliedly waives his right to appeal from a judgment if he "'voluntarily acquiesces in or recognizes the validity of such judgment, or otherwise takes a position which would be inconsistent on any theory other than the validity and binding force of the judgment.'" *Public Serv. Comm'n v. Indiana Bell Tel. Co.* (1952), 232 Ind. 332, 342, 108 N.E.2d 889, 892 (quoting *Poffinbarger v. Sumner* (1917), 186 Ind. 597, 599, 117 N.E. 646, 646); *see also Terry v. Terry* (1973), 158 Ind.App. 218, 301 N.E.2d 853; *Hollowell v. Leary*

(1918), 69 Ind.App. 455, 120 N.E. 385, *trans. denied.* By submitting to the bankruptcy court's jurisdiction and by Segner's agreement to pay the judgment rendered by the trial court, we can validly infer that the Lessees acknowledged their liability and acquiesced in the validity of the judgment. The agreement approved by the bankruptcy court has the effect of estopping the Lessees from seeking the potential benefits of both an appeal and the filing in bankruptcy.

Thus, this appeal must be and is dismissed. Costs versus Appellants–Lessees.

SHIELDS, P.J., and SULLIVAN, J., concur.