**FRANKLIN BANK AND TRUST COMPANY, n/k/a Ameritrust National Bank, Central Indiana, Appellant,**

v.

**Alfred MITHOEFER, Agent, Appellee.**

**No. 73S01–9011–CV–744.**

Supreme Court of Indiana.

Nov. 27, 1990.

Stephen L. Huddleston and Lori A. Torres, Franklin, for appellant.

Thomas D. Titsworth and John M. Rogers, Bamberger & Feibleman, Indianapolis, for appellee.

ON CIVIL PETITION FOR TRANSFER

GIVAN, Justice.

Appellant appeals the decision of the trial court holding that Mithoefer's landlord's

lien placed on certain crops grown by a now-bankrupt tenant farmer was valid and had priority over the Bank's unperfected security interest in the same crops. The Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. *Franklin Bank and Trust Co. v. Mithoefer* (1990), Ind.App., 552 N.E.2d 39. We grant transfer and affirm the trial court. However, the cause will be remanded in view of the fact the parties agree that corrections are needed in the assessment of damages.

In January of 1985, Richard Snepp executed a promissory note in the amount of $227,333.39 in favor of appellant. A security agreement was also executed and listed as collateral all growing crops on land owned by appellee. A financing statement reflecting the Bank's interest in Snepp's crops was filed in the office of the Shelby County Recorder on March 18, 1985. However, the real estate description contained therein was inadequate to identify the subject property. The Bank thus failed to comply with Ind.Code § 26–1–9–303(1) regarding the perfection of security interests.

In February of 1985, Snepp entered into a written "crop paid as rent" agreement with appellee whereby Snepp agreed to pay appellee cash for the use of certain tracts of pasture land, service buildings, equipment, and a dwelling. The agreement also provided a formula for rent in kind for the tillable land.

In July of 1985, Snepp filed Chapter 7 bankruptcy proceedings and was discharged from all debts. Neither appellant nor appellee were involved in those proceedings. During the bankruptcy, Snepp and the bankruptcy trustee disclaimed any interest in the 1985 crops planted by Snepp on appellee's property.

On August 21, 1985, appellee filed a notice of intent to hold a landlord's lien on the crops planted by Snepp on appellee's property. This lien was filed to secure payments pursuant to the February 1985 "crops paid as rent" agreement.

Pursuant to an agreement between appellant and appellee, the 1985 crops were harvested and stored. At the time of trial, $33,524.53 in proceeds from the sale of these crops was held in an escrow account in the American Savings Bank and 6,029.14 bushels of corn was still in storage. Also, the Shelby County division of the Agriculture Stabilization and Conservation Service issued a check for the 1985 crop season for appellee's farm in the amount of $3,031.29.

The trial court held that appellee's landlord's lien was valid and, as a matter of law, had priority over the Bank's admittedly unperfected security interest. The trial court then conducted a hearing to determine the amounts to be awarded to appellee. Appellee presented evidence to establish the value of his lien. The Bank presented no evidence. The trial court awarded appellee damages totalling $41,437.08.

Appellant claims appellee does not have a valid landlord's lien because it was created during the pendency of the tenant debtor's bankruptcy in violation of the automatic stay. The agreed facts are that the appellee's landlord's lien was filed after the bankruptcy petition was filed and related to a debt which arose before the commencement of the case.

The Court of Appeals correctly observed that acts which are taken in violation of the automatic stay provisions under 11 U.S.C. § 362 are deemed void and without effect, citing *Renges, Inc. v. PAC Financial Corp.* (1987), Ind.App., 515 N.E.2d 563. However, the Court of Appeals also correctly observed that the automatic stay provision of the bankruptcy code was enacted solely for the benefit of the debtor's estate, citing *In re Globe Investment and Loan Co.* (9th Cir.1989), 867 F.2d 556. The Court of Appeals was correct in its holding that the Bank, not being a creditor of the bankruptcy estate, lacked standing to assert a violation of the automatic stay provision. *See In re Brooks* (9th Cir.1989), 871 F.2d 89.

Appellant claims the valid landlord's lien does not take priority over the Bank's interest as an unperfected security creditor. Here again the Court of Appeals correctly observed that the purpose of a statute requiring a recording is to give persons sub-

sequently dealing with encumbered property notice of the existence of a prior interest in that property, citing *Lincoln National Bank and Trust Co. v. Nathan* (1939), 215 Ind. 178, 19 N.E.2d 243.

The Court of Appeals also cited the case of *Peoples State Bank v. Thompson* (1984), Ind.App., 462 N.E.2d 1068 for the proposition that a landlord's lien filed pursuant to Ind.Code § 32–7–1–18 held priority over a bank's secured interest in the tenant's crops. In making that determination, the Court of Appeals noted that under Article 9 of the Uniform Commercial Code, Ind.Code § 26–1–9–104(b), landlord's liens are specifically excluded. However, they further noted that some jurisdictions hold that cases involving a determination of the priority between a lien and security interest must be determined by pre-code laws. The court then held that under pre-code law the first encumbrance properly filed would take priority. *Id.* at 1071. The Court of Appeals then correctly held that appellee's lien held priority in the case at bar.

■ However, the Court of Appeals went on to state that the record in the case at bar discloses that a material issue of fact exists as to whether appellee possessed actual knowledge of appellant's secured interest at the time he filed his landlord's lien. When appellee filed his motion for summary judgment, alleging that his lien had priority over appellant's unperfected security interest, appellant argued that appellee's lien was void for violation of the automatic stay and therefore appellant's unperfected security interest must prevail. The Bank also filed a motion for summary judgment in which it alleged only that the landlord's lien was void and in fact stated that there was no material issue of fact to be resolved.

It was not until the trial court had entered summary judgment and set a hearing for the fixing of damages that appellant attempted to raise the issue of appellee's knowledge of their secured interest notwithstanding their unperfected security interest. Indiana Trial Rule 56(D) provides that the facts specified by the trial court as "not in controversy" on summary judgment shall be deemed established.

■ In the case at bar, the trial court found no facts in controversy as to whether the landlord's lien took priority over the Bank's security interest. Those facts must be deemed established under the rule. The time to raise the question of fact as to appellee's knowledge of the Bank's security interest was in the hearing for summary judgment. This the Bank did not do. Its belated attempt to raise this issue at the hearing to fix damages came too late. A party cannot change its theory and on appeal argue an issue which was not properly presented to the trial court. *Thompson v. Public Service Co. of Indiana* (1986), Ind. App., 499 N.E.2d 788; *Richardson v. Citizens Gas and Coke Utility* (1981), Ind. App., 422 N.E.2d 704; *Piskorowski v. Shell Oil Co.* (1980), Ind.App., 403 N.E.2d 838.

In submitting the issue of appellee's petition for summary judgment and appellant's petition for summary judgment with the express representation to the trial court that no material issues of fact remained unresolved, appellant has waived the issue which it now seeks to raise.

Appellant claims and the appellee concedes that some errors were made in the compilation of the figures used in arriving at the amount of damages. The parties agree that the case should be remanded for a rehearing on damages.

This cause is remanded to the trial court for the reassessment of damages. In all other things the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

According to T.R. 56(C), the trial court's summary judgment granting the landlord's lien priority over the secured interest of the bank was correct and should be upheld on appeal if (1) there was no genuine issue of material fact presented, and (2) the landlord's lien was entitled to priority as a

matter of law. By law the landlord's lien was entitled to priority if the landlord perfected that lien while in ignorance of the prior secured interest of the bank. *Peoples State Bank v. Thompson* (1984), Ind.App., 462 N.E.2d 1068. Here the bank failed to offer any opposing affidavits or testimony addressed to the landlord's motion for summary judgment, but instead in turn sought summary judgment upon a counterclaim premised on a separate assertion that its secured interest had priority because the landlord had no lien at all. When an opponent, here the bank, fails to offer opposing affidavits or evidence, there may be no factual dispute for trial; nevertheless, the rule requires the court to make its determination from existing affidavits and testimony and cannot grant such an unopposed motion to the movant "as of course." T.R. 56(C). The pleadings, affidavits and evidence supporting the landlord's claim of priority ignore the question of its own knowledge. The Court of Appeals perceived some circumstantial evidence in the record of knowledge on the part of the landlord, but that evidence is adventitiously in the record and does not bear on the proper outcome on appeal. In such circumstances, despite the agreement of the parties that there was no material issue of fact, a correct application of the law would require a denial of the landlord's petition for summary judgment. In such a setting, the result reached by the Court of Appeals, reversing the judgment for the landlord and remanding for further proceedings, seems to follow summary judgment practice.

DICKSON, J., concurs.