Philip R. DAVIS, Appellant–Defendant

v.

**UNION FEDERAL BANK
OF INDIANAPOLIS,**
Appellee–Plaintiff.

No. 02A03–0309–CV–376.

Court of Appeals of Indiana.

March 24, 2004.

Rehearing Denied May 27, 2004.

Philip R. Davis, Fort Wayne, IN, Appellant Pro Se.

Kathyrn D. Schmidt, Burke, Costanza & Cuppy LLP, Merrillville, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

Philip Davis obtained mortgages from Union Federal Bank of Indianapolis (Union Federal) for five properties. Union Federal foreclosed on the mortgages and Davis filed a Chapter 11 bankruptcy, resulting in an automatic stay on the foreclosures. The trial court entered Agreed Orders stating that if Davis failed to make the required payments under the Orders, Union Federal could file a notice of default and the stay would be automatically lifted. Davis failed to make the payments required under the Orders and the bankruptcy court vacated the stay. The trial court then set a date for sheriff's sales on all five properties. Davis appeals. We affirm.

### Issue

Davis raises one issue for our review which we restate as whether the trial court properly set sheriff's sales for the properties.

*Facts and Procedural History*

Davis owns numerous properties in Fort Wayne including the five properties involved in this appeal. Union Federal held the mortgages on the five properties. After Davis defaulted on the mortgages, Union Federal filed foreclosure notices.

On December 27, 2000, Davis filed for Chapter 11 bankruptcy. This filing resulted in an automatic stay being placed on the foreclosure complaints. Union Federal filed motions for relief from the stay in order to proceed with the foreclosure actions. After negotiations with Davis, Agreed Orders were entered for each property. The orders provided that, if Davis failed to make the required payments, Union Federal could file a notice of default and the stay would automatically be lifted.

Davis failed to make any payments under the orders and a notice of default was filed in March 2002. The bankruptcy court relieved Union Federal from the stay on April 23, 2002. Union Federal then went forward with its foreclosure actions and obtained default judgments on four of the five properties in the summer of 2002.

Between Davis's filing for bankruptcy in December 2000 and the rendering of the judgments in the summer of 2002, the bankruptcy court did not confirm any Chapter 11 plan for Davis. After Union Federal had obtained default judgments on four of the properties, the bankruptcy court confirmed a plan for Davis. After the plan was confirmed, Union Federal obtained a default judgment on the fifth property.

Davis filed motions to stay the sheriff's sales and the trial court granted these motions. Union Federal filed motions to reset the sheriff's sales. Following a hearing, the trial court granted Union Federal's motions and set sheriff's sales for the fall. This appeal ensued.[1]

*Discussion and Decision*

## I. Standard of Review

When a trial court has made special findings of fact, as it did in this case, our standard of review is well settled:

[A]n appellate court reviews the sufficiency of the evidence in a two-step process. First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law. An appellate court shall not set aside the findings of judgment unless clearly erroneous and it shall not reweigh the evidence or determine the credibility of the witnesses. *Id.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. A judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings.

*Estate of Reasor v. Putnam County,* 635 N.E.2d 153, 158 (Ind.1994).

## II. Setting Aside the Stays

Davis argues that the Chapter 11 bankruptcy action negated the foreclosure of the properties and, because the properties were never abandoned by the bankruptcy estate, the trial court erred in granting Union Federal's motions to set the sheriff's sales. Davis argues that, unless real property has been specifically abandoned or sold, it is part of the assets of the debtor under the stipulations of the bankruptcy plan.

The automatic stay provided in 11 U.S.C. § 362 is broad in scope. *Reng-*

---

1. The sheriff's sales were conducted on October 28, 2003.

*es, Inc. v. PAC Financial Corp.,* 515 N.E.2d 563, 565 (Ind.Ct.App.1987). Section 362(a)(1) provides that the filing of a petition in bankruptcy operates as an automatic stay of "the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title...." *Id.* The automatic stay takes effect from the time the bankruptcy petition is filed and remains in effect until it is lifted. *Id.* All legal actions pending or to be taken against the debtor are halted. *Id.*

■ Davis argues that any property of the bankruptcy estate which is not abandoned remains property of the bankruptcy estate. He contends that, had Union Federal wanted the properties to be exempt from the bankruptcy plan, they needed to add language such as "abandoning the real estate from the bankruptcy estate" to their foreclosure actions or obtain separate orders of abandonment. We disagree.

The bankruptcy court issued orders relieving Union Federal from the stays on the five properties on April 23, 2002. In each of the orders, the following language was used:

> The Court finds that the Notice/Affidavit of Default filed by [Union Federal] and the information contained in the Petition for Relief from the Automatic Stay filed by [Union Federal] should be granted as [Davis] has failed to make payments to [Union Federal] as called for in their plan and pursuant to 11 U.S.C. Section 362 said failure is cause for relief of the Automatic Stay.
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Automatic Stay herein be vacated and set aside to the extent necessary to allow [Union Federal], for [sic] foreclose its lien against *and obtain possession of the real estate* of [Davis] subject to the mortgage of [Union Federal]....

Appellant's Appendix at 46–50 (emphasis added). Although the language of the orders does not specifically state that the real estate has been abandoned, the meaning of the orders is clear. Under the orders the possession of the real estate passed to Union Federal. Therefore, it is an order of abandonment.

Davis directs our attention to *In the Matter of Nebel,* 175 B.R. 306 (Bankr. D.Neb.1994), for the proposition that the action of lifting a stay is not analogous to abandonment. In *Nebel,* the debtor's property had been abandoned and sold by the creditor. The *Nebel* court was presented solely with the question of which party would incur the tax liability from the property once it was sold. To answer the tax question, the court made a distinction between abandonment and merely lifting a stay. The court determined that the tax liabilities resulting from the sales accrued to the bankruptcy estate and not to the debtor. *Id.* at 312.

We do not disagree with the holding in *Nebel,* but we do not find it instructive. We agree that there can be a distinction between a mere lifting of the stay and an abandonment of the property where an order merely lifts a stay or merely orders abandonment. However, the orders which lifted the stays on the property in question here also transferred possession of the property from Davis to Union Federal.

Davis then cites *In Re Paradise Valley Country Club,* 31 B.R. 613 (D.Co.1983), for the proposition that, if an automatic stay has no application after confirmation of a bankruptcy plan, then the order setting aside the stay also has no application. He seems to suggest that the order setting aside the stay expires upon confirmation of the plan. In *Paradise Valley,* the court

was presented with the question of whether a creditor could proceed with an eviction suit in state court to enforce a post-petition obligation. The *Paradise Valley* court determined that the stay was not in effect after confirmation of the bankruptcy plan and the creditor could proceed with an eviction. *Id.* at 615. This seems to support Union Federal's position more than Davis's. Union Federal has already obtained judgments in four of its five foreclosure actions after the orders granting relief from the stays and before confirmation of the plan. Therefore, the abandonment orders survived the plan confirmation.

We find *In re Incor, Inc.,* 113 B.R. 212 (D.Md.1990), to be instructive. In that case, a secured creditor which had been granted relief from a stay in a Chapter 11 bankruptcy case brought action to collect pre-petition and post-petition accounts receivables. The court first noted that a bankrupt estate is given an automatic stay against the enforcement of liens against property of the estate. *See* 11 U.S.C. § 362. This becomes effective immediately upon the filing of a bankruptcy petition. The debtor argued that the lifting of the stay by the bankruptcy court did not in itself remove the property from the bankruptcy estate, but the court disagreed. Rather, the court stated that the lifting of the stay was essentially equivalent to an abandonment of the property and held that therefore, the bankruptcy court could not take jurisdiction over the property under the theory that it was part of the bankruptcy estate. *Incor,* 113 B.R. at 215.

We have a very similar situation here although the question before us does not regard the jurisdiction of the bankruptcy court. Here, Davis is arguing that the lifting of the stay does not automatically remove the property from the bankruptcy estate. However, the *Incor* court held that the removal of the stay is essentially equivalent to an abandonment order. Additionally, in the present case, the orders lifting the stays also transferred possession of the properties from Davis to Union Federal. Therefore, because the bankruptcy court properly granted Union Federal's motion to lift the stays, the trial court correctly set the sheriff's sales.

### Conclusion

Although the orders lifting the stay did not include specific language of abandonment, they transferred possession of the properties from Davis to Union Federal. Therefore, the trial court correctly set the sheriff's sales. The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, J., and HOFFMAN, Sr.J., concur.