## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 19 2016, 7:57 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael G. Moore
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Audrico Berry, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 19, 2016 <br><br> Court of Appeals Case No. 49A02-1509-CR-1355 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christina R. Klineman, Judge <br><br> Trial Court Cause No. 49G17-1503-F6-8630 |

**Baker, Judge.**

Audrico Berry appeals his conviction for Residential Entry,[1] a Level 6 felony. Berry argues that there was insufficient evidence presented to support his conviction. Finding sufficient evidence, we affirm.

## Facts

In 2013, Berry and Jamika Walker ended their relationship, but continued to co-parent their daughter, A.W. Walker and A.W. moved to a new apartment, and Walker gave Berry a key to the apartment. On March 6, 2015, Berry was scheduled to pick up his child, but he arrived earlier than Walker had expected. Walker had a male friend, Anthony Kimmons, in her apartment at the time. Berry knocked on the door, and Walker went to the balcony and told Berry that he could not come into her apartment. While Berry was returning to his vehicle, Kimmons went on to Walker's balcony and said "yeah, you can't come here". Berry became upset and approached the front door. Kimmons proceeded to the front door to prevent Berry from coming inside, while Walker locked herself and A.W. in the bathroom. Berry entered the apartment after he damaged the front door's sill plate and destroyed the frame, then he engaged in a scuffle with Kimmons. Berry went to the bathroom and yelled at Walker to unlock the bathroom door. Berry punched the door, leaving a hole in it. He then went to his car to retrieve his car keys. Walker ran with A.W. into the bedroom and locked herself and A.W. in the bedroom closet. Berry re-entered

---

[1] Ind. Code § 35-43-2-1.5.

the apartment, broke the closet door, and damaged the door frame. Walker called the police, but Berry left before officers responded to the scene.

[3] On March 19, 2015, the State charged Berry with residential entry as a Level 6 felony, battery as a Level 6 felony, and battery as a Class B misdemeanor. On August 11, 2015, a bench trial was held. The trial court found Berry guilty of Level 6 felony residential entry but not guilty of the other charges. On the same day, Berry was sentenced to 365 days, with 357 days suspended to probation. Berry now appeals.

## Discussion and Decision

[4] Berry has one argument on appeal: that there was insufficient evidence presented to support his conviction. In reviewing a challenge to the sufficiency of the evidence, this Court does not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State,* 820 N.E.2d 124, 126 (Ind. 2005). This Court will affirm a conviction "if probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.*

[5] To convict Berry of Level 6 felony residential entry, the State had the burden to prove beyond a reasonable doubt that he: (1) knowingly or intentionally, (2) broke and entered, (3) the dwelling of Jamika Walker. I.C. § 35-43-2-1.5. On appeal, Berry does not contest that he knowingly or intentionally broke and entered Walker's apartment. Instead, he argues that he had Walker's consent to enter her residence.

[6]  Lack of consent is not an element of residential entry that the State has to prove. *Holman v. State,* 816 N.E. 2d 78, 81 (Ind. Ct. App. 2004). Instead, it is the defendant's burden to claim and prove consent as a defense. *McKinney v. State,* 653 N.W.2d 115, 118 (Ind. Ct. App. 1995). A defendant's belief that he has permission to enter a residence must be reasonable in order for him to avail himself of the defense of consent. *Id.* Once a defendant successfully raises the defense of consent, the State has the burden of disproving the defense beyond a reasonable doubt. *Holman,* 816 N.E.2d at 81. In this case, Berry's argument at trial focused on disproving the element of breaking and entering rather than on the defense of consent. Berry concedes that he did "not explicitly" raise the defense of consent at trial. Appellant's Br.p.7. It is well-settled that a party cannot argue on appeal an issue which was not properly presented to the trial court. *Franklin Bank and Trust Co. v. Mithoefer,* 563 N.E.2d 551, 553 (Ind.1990).

[7]  Even if Berry had raised the defense of consent, the record contains more than enough evidence to support the factfinder's determination that he did not reasonably believe that he had consent to enter. Walker testified that she told Berry that he could not enter the apartment when he arrived early to pick up A.W. It is evident that Berry knew he did not have consent to enter the apartment because he had initially knocked on the door and then returned to his vehicle after he was denied entry. If Berry reasonably believed he had consent to enter the apartment, he would not have demanded that Walker open the door for him or break down the door in order to enter. Under these circumstances, a reasonable factfinder could easily have concluded that Berry

did not have a reasonable belief that Walker had consented to his entry into the apartment.

[8] Berry argues that his possession of a key proves that he had consent to enter the apartment. The record reveals that Walker gave Berry a key to the apartment for the limited purpose of exchanging A.W. with Walker. At the time Berry broke into the apartment, he was not entering for the purpose of picking up A.W. Instead, he forced open the door because he was upset that Kimmons was in the apartment, he aggressively confronted Walker multiple times, and he left the apartment without the child before the police arrived. This evidence is sufficient to support Berry's conviction.

[9] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.