Burk, Executor, v. Taylor.

Filed Nov. 3, 1885.

———◆———

No. 12,270.

## BURK, EXECUTOR, v. TAYLOR.

PLEADING.—*Motion to Strike Out will not Perform Office of Demurrer.*—Where the matter alleged is pertinent, and the pleading is not a sham, it is error to sustain a motion to strike out an answer for the alleged want

of facts to constitute a defence to the action. Such motion will not perform the office of a demurrer.

From the Fayette Circuit Court.

*J. I. Little, R. Conner* and *H. L. Frost,* for appellant.

*B. F. Claypool, J. H. Claypool, L. W. Florea* and *G. C. Florea,* for appellee.

Howk, J.—This case is now before us for the second time. When it was first here, the opinion and judgment of this court are reported, under the title of *Taylor* v. *Burk,* 91 Ind. 252. When the cause was remanded to the court below for a new trial, the parties appeared and some additional pleadings were filed in the cause, and rulings were made thereon by the court. Afterwards, the cause, being at issue, was tried by the court, and a finding was made for the appellee Mary A. Taylor, and against the appellant Burk, as executor of the estate of Benjamin P. Hegerman, deceased; that, after the final settlement of such decedent's estate, there remained in the hands of appellant, as executor, a balance of $1,469, which the appellee was entitled to as the sole legatee of the decedent, under his last will. Over appellant's motion for a new trial, the court ordered and adjudged that appellant should pay to the clerk of such court, for the use of the appellee as such sole legatee of the decedent, the aforesaid balance and the costs of this proceeding; and that, upon appellant's full compliance with such order and judgment, the decedent's estate should stand closed and settled, and he should be fully and finally discharged from further liability on account of his trust.

The only error complained of, in argument, on behalf of the appellant, is the decision of the court in sustaining appellee's motion to strike out his answer, filed below on the 6th day of March, 1884. Under this error, the only question discussed by counsel is, whether or not the answer in question stated facts sufficient to constitute a good defence. It is unnecessary for us to consider or decide this question,

because, whether the answer be good or bad, it is certain that the trial court erred in sustaining appellee's motion to strike out such answer. It is settled by the decisions of this court that a motion to strike out will not perform the office of a demurrer for the want of sufficient facts. What was said by this court, upon the question under consideration, in *Port* v. *Williams*, 6 Ind. 219, may well be said of the answer, in the case now before us: "Whether it was a sufficient defence to bar the action was wholly immaterial. It was, at least, such pertinent matter as the court ought not to strike out on motion. It was not so irrelevant as to warrant that; it was not a sham defence. * * We are therefore of opinion that the court erred in sustaining the motion to strike out." To the same effect are the following cases: *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248; *Indianapolis, etc., Co.* v. *Caven*, 53 Ind. 258; *City of Elkhart* v. *Simonton*, 71 Ind. 7.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule appellee's motion to strike out, and for further proceeding.

