DINWIDDIE ET AL., EXECUTORS *v.* SHIPMAN ET AL., ADMINISTRATORS.

[No. 22,459. Filed March 24, 1915.]

1. WILLS.—*Contest.—Effect of Decision.—Administration Pending Decision.*—The effect of the decision in a will contest is to determine whether the estate shall be settled and distributed under the will by the executor or by an administrator with the will annexed, or whether it shall be settled and distributed under the statute of descent and distribution by a general administrator, but pending a final determination of the contest the court in which the estate is pending can not proceed with the administration further than is necessary for the preservation of the estate. p. 85.

2. WILLS.—*Contest.—Judgment.—Appeal.—Rights of Executor.*—The judgment of a circuit court in a suit to contest a will does not put an end to the contest where there is an appeal, nor does it necessarily operate to set aside the appointment of an executor previously made under the will, since the executor is a necessary party to the appeal, with power to prosecute or defend in his representative capacity; but the power of the executor to further administer under the terms of the will is suspended until

the determination of the appeal, in which event, if the will is sustained, such power is revived; otherwise, terminated. p. 85.

3. JUDGMENT.—*Appeal.—Effect.*—A judgment is not vacated by virtue of an appeal therefrom, but remains in full force and effect until reversed, though its enforcement may be stayed pending the appeal. p. 86.

4. WILLS.—*Contest.—Enforcement of Judgment.—Appointment of Administrator.—Appeal.*—A judgment setting aside a will is carried into effect by an order setting aside the appointment of the executors and directing them to make a report, and by the appointment of an administrator to settle the estate under the statute, and, since an appeal has the effect of staying the judgment, the court should not appoint an administrator pending an appeal, where the executors have properly qualified and are at the time of the judgment in possession of the assets of the estate. (*Hayes* v. *Hayes* [1881], 75 Ind. 395, overruled.) p. 86.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Proceeding following a judgment setting aside the last will of Jennie E. Caldwell, deceased, and pending appeal, in which the executors were ordered to file a report and to pay into court the money coming into their hands as such executors. From such order, the executors appeal. *Reversed.*

*Fraser & Isham* and *Stuart, Hammond & Simms,* for appellants.

*Kumler & Gaylord* and *Charles M. Snyder,* for appellee.

LAIRY, J.—The record in this case shows that on January 20, 1912, Jennie E. Caldwell died, and that a few days thereafter a paper purporting to be her last will, in which appellants were named as executors, was admitted to probate in the Benton Circuit Court. Appellants were appointed as executors and each qualified and filed bond and letters testamentary were issued to them. Later an action was brought by certain heirs of decedent to contest the will to which appellants as executors were made parties together with the beneficiaries under such will. This action resulted in a judgment setting aside the will and revoking its probate. From this judgment, appellants, in their representative capacity, and also the beneficiaries under the will, appealed

to this court by filing a bond and perfecting the appeal in accordance with the statute providing for term time appeals.

The judgment setting aside the probate of this will was entered on January 24, 1913, and afterward on January 28, 1913, the court appointed Grace D. Folansbee as administratrix of the estate of Jennie E. Caldwell, deceased, and at her request appointed appellee, Lemuel Shipman, to be associated with her in the administration of such estate. Each of the persons so appointed qualified and letters of administration were issued to them by the court. Afterward appellee as administrator appeared in the Benton Circuit Court and obtained an order of court against appellants, as executors and trustees under the will, requiring them to pay into court within fifteen days a large sum of money held by them in their representative capacity as shown by their report previously filed. By leave of court, appellants were granted fourteen days within which to show cause why they should not comply with the order. Within the time allowed appellants filed an answer to the rule, to which answer appellee addressed a demurrer which the court sustained. The court then entered the following order and judgment, "It is therefore considered and ordered by the court, that said Dinwiddie, Barr and Compton, executors as aforesaid, pay into court the money remaining in their hands as executors to wit, Fourteen thousand five hundred twenty-four dollars and eighty-five cents to be distributed by the court to such persons as may be entitled thereto".

Several errors are assigned on appeal but we need consider only the questions presented by the ruling of the court in sustaining the demurrer to appellants' answer.

The facts heretofore stated are averred in appellants' answer with more particularity and detail. Upon these facts, appellee claims that the judgment setting aside the will had the effect to annul the appointment of the executors appointed under it, notwithstanding the appeal, and that the court had a right to appoint an administrator pending such

appeal and to order the assets of the estate in the hands of such executors to be turned over to the administrator.

The effect of the decision in a will contest is to determine whether the estate of decedent shall be settled and distributed under the terms and provisions of the will, or

1. whether it shall be settled and distributed under the provisions of the statute relating to the descent and distribution of property of persons dying intestate. If the will is sustained, an executor, or an administrator with the will annexed, will proceed to execute the will according to its provisions; but, if the will is set aside, the estate must be settled by a general administrator. Until the validity of a contested will is finally determined, the probate court in which the estate is pending cannot proceed with the administration further than is necessary for the preservation of the estate, for it is uncertain whether it should proceed to final settlement under the will through an executor, or under the statute through an administrator.

The judgment of the circuit court in a suit to contest a will does not put an end to the contest where there is an appeal. Our statute provides that an appeal may be

2. taken by any person affected by the proceedings and it has been held that an executor appointed under a will has such an interest in upholding it as makes him a necessary party on appeal. *Whisler* v. *Whisler* (1904), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152. During the pendency of the appeal, he may prosecute or defend in his representative capacity, and, in case the will is ultimately sustained he may execute his trust under the original appointment as executor. The judgment of a circuit court setting aside a will does not, necessarily, operate to set aside the appointment of an executor previously made under such will. He may appeal, and, in so doing acts in his representative capacity; but, pending such appeal, his powers to administer the estate further, under the terms of the will are suspended.

If the will is finally sustained, such powers are revived, but in case it is finally set aside, such powers are terminated.

An appeal does not have the effect of vacating the judgment from which the appeal is taken. Such judgment remains in full force and effect until it is reversed on appeal, but where a term time appeal is taken or where a supersedeas is obtained by filing a bond in a vacation appeal, the enforcement of such judgment is stayed. *Walker* v. *Heller* (1880), 73 Ind. 46; *Hayes* v. *Hayes* (1881), 75 Ind. 395; *State, ex rel.* v. *Kolsem* (1892), 130 Ind. 434, 29 N. E. 595, 14 L. R. A. 566; 2 R. C. L. 117.

A judgment setting aside a will is not enforced by execution. In a case such as this, it is carried into effect by an order setting aside the appointment of the executors and directing them to make a report, and by the appointment of an administrator whose duty it is to administer the estate under the provisions of the statute relating to the settlement of estates of persons dying intestate. When an administrator is thus appointed, the executors should be ordered to turn over to him any assets of the estate which may have come into their possession, and then the administration of the estate may be carried forward to final settlement. When an appeal is taken and the judgment of the trial court thereby stayed, such court should take no steps to carry the judgment into effect. The appointment of an administrator is one step in the enforcement of a judgment setting aside a will, and, if the order entered in this case should be enforced it would materially change the status which existed at the time of the rendition of the judgment. There could be no purpose in appointing an administrator and in ordering the assets of the estate turned over to him unless he may proceed with the administration as though there were no will, and if this could be done, the estate could be finally settled and distribution made pending the appeal. The law does not contemplate such a

result. The executors appointed had given bond and had collected moneys which they held in their representative capacity at the time the judgment setting aside the will was entered. The status thus created should be maintained pending the appeal, so that, in case of reversal, the situation of the parties may be the same as it was before the judgment was rendered.

The case of *Hayes* v. *Hayes, supra,* is not followed, and, in so far as the decision in that case conflicts with the decision of questions involved in this, the same is overruled.

The decisions of other states bearing upon the question here involved can scarcely be considered as authority, for the reason that such decisions depend largely upon the statutes of the states in which they were rendered, but the conclusion reached in this case seems to be in accord with the spirit of our statutes and to be supported by the general current of judicial decision. *State* v. *Superior Ct.* (1902), 28 Wash. 403, 69 Pac. 375; *In re Seay's Estate* (1902), 63 S. C. 130, 41 S. E. 17; *Offutt* v. *Gott* (1842), 12 G. & J. (Md.) 385; *Hicks* v. *Hicks* (1851), 12 Barb. 322; 40 Cyc. 1354; 2 Woerner, Am. Law of Administration (2d ed.) §546; *Sanker* v. *Mattison* (1900), 11 Ohio Cir. Dec. 125.

The judgment of the trial court is reversed with directions to overrule the demurrer of appellees to appellants' answer, and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 108 N. E. 228. As to who can contest wills, see 130 Am. St. 186. See, also, under (1, 2, 4) 40 Cyc. 1354; (3) 2 Cyc. 971.