IN RE BARGER'S ESTATE.
BARGER, EXECUTOR *v.* BARGER.

[No. 17,099.   Filed November 4, 1943.]

*Gordon & Edris,* of Bluffton, *Nathan Nelson,* of Decatur, and *Moran & Abromson,* of Portland, for appellants.

*Ferd L. Litterer,* of Decatur, and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

CRUMPACKER, P. J.—Samuel Barger, a resident of Adams County, died on the 27th day of April, 1940, and in due course a document purporting to be his last will and testament was admitted to probate by the circuit court of said county. As provided by the terms of said will, the appellant Jacob Barger was duly appointed executor thereof and qualified as such on May 17, 1940, by filing bond and oath as required by law. On June 8, 1940, John Barger and Edward Arnold, heirs at law of the said Samuel Barger, brought suit to contest the validity of said purported will and to revoke the probate thereof, which suit they successfully maintained and from the judgment therein the appellant appealed to this court where it was transferred to the Supreme Court under § 2-218, Burns' 1933, § 1359 note, Baldwin's 1935 Supp., and the judgment affirmed by that court on May 21, 1943. *Barger* v. *Barger* (1943), 221 Ind. 530, 48 N. E. (2d) 813. After the rendition of said judgment and before affirmance thereof one Edward Barger, another heir at law of said decedent, filed a petition in the Adams Circuit Court seeking the appointment of a special administrator of his estate pending the final determination of the appeal in the suit contesting said will. From an order granting such petition and appointing such special administrator this appeal is taken, and we are called upon to determine the questions presented by the following assignment of errors: "(1) The court erred in appointing a special administrator in the estate of Samuel Barger, deceased;

(2) The court erred in sustaining appellee's amended petition for the appointment of a special administrator in the estate of Samuel Barger, deceased; (3) The court erred in refusing to strike out appellee's amended petition for the appointment of a special administrator on the motion of appellant, Jacob Barger, executor of the last Will and Testament of Samuel Barger, deceased; (4) The court erred in overruling the demurrer of appellant, Jacob Barger, Executor of the last Will and Testament of Samuel Barger, deceased, to appellee's amended petition for the appointment of a special administrator; (5) The court erred in overruling appellants' motion for a new trial."

We have found no precedent or authority for Assignments Nos. 1 and 2. They present no recognized ground for reversal and constitute nothing more than a statement of the appellant's position on the fundamental question we are to decide. We see no merit in Assignment No. 3 because the motion involved merely assails the sufficiency of the facts set out in the petition to warrant the relief asked. It is elementary that a motion to strike cannot perform the office of a demurrer in determining the sufficiency of a pleading, and no error can be predicated upon the action of a trial court in overruling such a motion. *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Port* v. *Williams* (1855), 6 Ind. 219; *Burk, Executor* v. *Taylor* (1885), 103 Ind. 399, 3 N. E. 129; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 73 N. E. 259; *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088.

The demurrer relied upon in Assignment No. 4 is for want of facts sufficient to constitute a good cause of action. The motion for a new trial, the overruling of which constitutes Assignment No. 5, complains of the insufficiency of the evidence to sustain the allegations

of the petition and the legality of the judgment entered thereon. As the evidence tends to prove the allegations of the petition and in no respect departs therefrom, it is apparent that appellant's Assignments Nos. 4 and 5 present identical questions.

It must be borne in mind that this proceeding was instituted for the appointment of a special administrator of a decedent's estate and not for the removal of the acting and qualified executor thereof. There are some allegations in the petition to the effect that the appellant is not properly performing his duties as such executor and there is a dispute in the evidence as to whether this is true or not. Such allegations, however, are foreign to the purpose of the petition and may be treated as surplusage and the evidence in support thereof regarded as irrelevant and immaterial to the issue. The petition under consideration is based wholly and squarely on § 6-308, Burns' 1933, § 3044, Baldwin's 1934, which reads as follows: "When any person shall have died testate, and notice of contest of the will of said testator shall have been given, as required by law, it shall be lawful for the proper court to appoint a special administrator, who shall proceed to collect the debts due said testator, by suit or otherwise, and to sell the personal property of said testator, and also to pay the claims against his estate, in the same manner and under the same regulations as are now required of administrators of intestates, so far as the same may be done consistent with the terms of such will. [Acts 1857, ch. 2, § 1, p. 4.]"

The appellant contends that this statute has reference only to such contests as are instituted through objections to the probate of the will in controversy, thereby preventing the appointment of the executor named therein and leaving the testator's estate with-

out a curator to preserve and protect its assets. That where a will has been probated and an executor appointed and qualified before its validity is questioned the statute can have no purpose, as such executor continues to administer the estate under the powers of a special administrator as limited by the statute. On the other hand the appellee urges that the statute is clear, concise and unambiguous and requires no judicial interpretation or construction and applies in all cases where a person dies testate and notice of the contest of the will of such testator has been given as required by law and that no rule of statutory construction justifies reading into the statute the limitations for which the appellant contends.

In speaking of this statute, in the case of *Bruning* v. *Golden* (1902), 159 Ind. 199, 203, 64 N. E. 657, 658, the Supreme Court had this to say, "This section was enacted in order that action to contest wills might not unnecessarily delay settlement of estates. It should receive a construction consistent with such intent." It is obvious that the purpose of the statute is this: While a contest of the will is pending there shall be someone acting in the character of a receiver *pendente lite* who has authority to preserve the assets of the estate during the period the executor named in the will is not qualified to act and until a final determination of the contest has established the validity of the will or otherwise, thereby qualifying the executor appointed under its terms to act or bringing about the appointment of a general administrator. In the meantime the special administrator is charged with the duty of doing those things that can be done, regardless of whether the decedent died testate or intestate, in order that the estate may be as nearly ready for final settlement and distribution as is possible when

the will contest is finally determined. It seems to us that the solution of the question presented depends wholly on whether an executor, appointed by will, qualified and acting before a contest of such will is instituted, has legal authority to proceed further after such a suit is commenced. The appellant takes the affirmative view and says that any other holding, in the event a special administrator is appointed, would result in two officers with authority stemming from different sources attempting to perform the same duties and that while there is a duly qualified executor, charged with responsibility for the preservation of the assets of an estate, there can be no administrator thereof. In support of this position our attention is directed to the case of *Dinwiddie* v. *Shipman* (1915), 183 Ind. 82, 85, 86, 108 N. E. 228, wherein the court said: "Until the validity of a contested will is finally determined, the probate court in which the estate is pending cannot proceed with the administration further than is necessary for the preservation of the estate, for it is uncertain whether it should proceed to final settlement under the will through an executor, or under the statute through an administrator. . . . When an appeal is taken and the judgment of the trial court thereby stayed, such court should take no steps to carry the judgment into effect. The appointment of an administrator is one step in the enforcement of a judgment setting aside a will, and, if the order entered in this case should be enforced it would materially change the status which existed at the time of the rendition of the judgment. There could be no purpose in appointing an administrator and in ordering the assets of the estate turned over to him unless he may proceed with the administration as though there were no will, and if this could be done, the estate could be finally settled and distribu-

tion made pending the appeal. The law does not contemplate such a result. The executors appointed had given bond and had collected moneys which they held in their representative capacity at the time the judgment setting aside the will was entered. The status thus created should be maintained during the appeal, so that, in case of reversal, the situation of the parties may be the same as it was before the judgment was rendered."

The above decision was pronounced however in connection with the appointment of a *general* administrator after a will had been held invalid and pending an appeal from such judgment. Its authority cannot be questioned but it has nothing to do with the appointment of a *special* administrator under the statute here considered. If it throws any light on the question in hand it would seem to indicate that, in the event the validity of a will is successfully contested in the trial court, the powers of a duly qualified and acting executor appointed under the provisions of said will are suspended and the *status quo* of the estate maintained until final determination of the issue on appeal. Thus it would seem that if anything further is done in the interim toward administration of the estate, it must necessarily be done by a special administrator acting under the authority of the statute under consideration and whose powers in the premises are specifically set out therein.

Such a view of the situation appeals to us as logical. An executor named in a will is a creature of the testator. If he is a suitable person and qualifies under the law he gets his appointment from the testator and not the court and the will, within the purview of the law, is the charter of his authority. If he were permitted to act in the character of a special administrator, after

the validity of the instrument through which he derives his authority has been attacked, serious questions as to the legality of his acts would arise in the event such instrument was eventually adjudged not to be the will of the purported testator. As held in *Dinwiddie* v. *Shipman, supra,* his authority under the will is limited to the maintenance of the estate in *statu quo* pending appeal. Thus, if the statute under consideration were to be given the limited interpretation the appellant seeks, its very purpose of avoiding delay in the administration of estates in which will contests are pending would be largely frustrated.

It is our opinion that § 6-308, Burns' 1933, § 3044, Baldwin's 1934, upon which this proceeding rests, applies to all instances in which action is brought to contest the validity of a will whether commenced before the probate thereof or after such will has been admitted to record and the executor thereof has qualified under the law. In the instant case the appellant's petition for the appointment of a special administrator alleges (1) that Samuel Barger died testate; (2) that a proceeding to set aside his pretended will had been instituted; and (3) that notice thereof had been given in the manner provided by law. Proof of such allegations was all that was necessary to vest the court with jurisdiction to appoint a special administrator and, as there is evidence in the record in support of each of them, the judgment of the trial court must be affirmed.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 104.