ESTATE OF Mary L. DANIELS, by its Personal Representative, Nancy A. MERCER, Appellant–Respondent,

v.

Sharyi BRYAN, Daniel Bryan & Heather Bryan, Appellees–Claimants.

No. 82A04–0607–CV–376.

Court of Appeals of Indiana.

Nov. 15, 2006.

Todd I. Glass, Fine & Hatfield, Evansville, IN, Attorney for Appellant.

Mark F. Warzecha, David E. Gray, Bowers Harrison, LLP, Evansville, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellant-respondent Estate of Mary L. Daniels (the Estate), by its personal representative, Nancy A. Mercer, appeals from the probate court's denial of its petition for attorney and personal representative fees. In particular, the Estate contends that the probate court erred in (1) finding that the requested attorney fees were not for extraordinary services and, consequently, exceeded the formulas provided in the Vanderburgh County Guidelines, and (2) applying the rules of priority for the payment of claims against an estate contained in Indiana Code section 29–1–14–9. Finding that the probate court properly concluded that the requested attorney fees were excessive, we affirm.

### FACTS

Appellees-claimants Sharyi, Daniel, and Heather Bryan (collectively, the Bryans) lived next door to Mercer's stepmother, Mary L. Daniels, and father, Emmanuel Daniels, for over twenty years. Over time, the Daniels' health deteriorated and the Bryans allegedly began providing services to assist their neighbors, such as grocery shopping and performing daily treatments

on Mary's leg. On March 10, 2005, Mary died. Shortly thereafter, Sharyi petitioned the probate court to be appointed personal representative of the Estate. When Mercer learned of Mary's death and Sharyi's appointment as personal representative, she petitioned to be and was appointed the Estate's personal representative. Sharyi withdrew as personal representative.

On May 3, 2005, the Bryans filed a claim against the Estate seeking compensation in the amount of $181,920 plus interest for the personal services they allegedly rendered to the Daniels over the years. The Estate's gross assets totaled $99,716.46. Mercer was suspicious about the Bryans' conduct and elected to defend the Estate from their claim.

On July 25, 2005, the attorney who had represented Mercer up to that date withdrew and other counsel, the law firm of Fine & Hatfield, entered an appearance on her behalf. Mercer's previous attorney petitioned to have his attorney fees paid upon his withdrawal and, without objection from the Bryans, his fees of $7,362.50 were approved by the probate court and paid by the Estate.

On December 2, 2005, the Estate filed a first petition for payment of attorney fees to Fine & Hatfield in the amount of $15,967 for the period of time between July and November 2005. The Bryans objected to the petition, arguing that the fees were unreasonable and asking that payment be delayed until the trial on their claim was held. The Estate argued that the attorney fees qualified as "extraordinary fees" under the Vanderburgh County Guidelines. On February 9, 2006, the probate court granted the petition and awarded the full amount of requested fees, which the Estate paid in due course.

Following discovery, hearings, consolidation of other claims, and trial preparation, on April 26, 2006, the Estate filed a second petition for payment of attorney fees to Fine & Hatfield in the amount of $26,336, covering services rendered between December 2005 and April 2006. The Bryans objected to the petition. Trial was set for June 14, 2006, and on that date, the probate court held a hearing on the petition for attorney fees and denied it in its entirety:

> THE COURT: ... And for the petition for payment of final attorney's fees I'm ordering no final attorney's fees. That petition is denied. I've noted in previous ... filings of petitions with Posey County there was a concern of this Court, per its orders, depleting the estate and I would not want that to happen, so I'm ordering no attorney's fees....

> \* \* \*

> ESTATE ATTORNEY: Your Honor, was the ruling on the petition of fees that it did not comply with the guideline?

> COURT: Yes, I find that it's in excess of the guidelines.

> ESTATE ATTORNEY: In excess of the guidelines or did not represent extraordinary fees under the ...

> COURT: I'm not finding that it represents extraordinary fees. I'm not finding that this case is an extraordinary case that took extraordinary preparation. And so that's why, given the fact that your firm has already received a previous award of attorney's fees, I ... in my opinion, based on evidence presented to me, I find that, based on what's been presented and considering our local rules concerning fees and estates, that your firm received ample remuneration for its services and I'm not allowing any further fees.

ESTATE ATTORNEY: And will the Court not entertain any further fees for . . .

THE COURT: No it will not.

\* \* \*

ESTATE ATTORNEY: So it's asking the Court to proceed the trial and for the estate attorneys to proceed to try . . . trial and represent the client with no expectation of being compensated?

THE COURT: There's already been compensation to your firm, sir. There already has in previous orders. So, you know, however you wish to view it, . . . but I am not awarding your firm any further fees in this case. And I'm not awarding anything else to the personal representative. . . .

Tr. p. 56–58. Following a two-day bench trial, the probate court found in favor of the Bryans on their claim against the Estate and ordered that all remaining Estate assets—totaling $38,969.75—be paid to the Bryans. The Estate now appeals from the denial of the second petition for attorney fees.

### DISCUSSION AND DECISION

The Estate insists that we must apply a de novo standard of review to the probate court's application of Indiana Code section 29–1–14–9—the statute governing the order in which estate assets are distributed to estate creditors. But before reaching that statute, the probate court had to have first determined that the attorney fees sought by the Estate were just and reasonable, and, therefore, that there was a valid claim against the Estate for that amount.

■ Indiana Code section 29–1–10–13 provides that an estate attorney should be compensated in a "just and reasonable" manner as determined by the trial court. The award or denial of attorney fees is within the sound discretion of the trial court, and in the absence of error or an abuse of that discretion, we must affirm the trial court's decision. *Malachowski v. Bank One,* 682 N.E.2d 530, 533 (Ind.1997). We may not reweigh the evidence and may reverse only if the fee denial was clearly against the logic and effect of the facts and circumstances before the probate court. *Walton v. Claybridge Homeowners Ass'n, Inc.,* 825 N.E.2d 818, 825 (Ind.Ct.App. 2005).

■ The parties disagree about the basis for the probate court's denial of the requested attorney fees. At the hearing, the court first emphasized its concern regarding the "deplet[ion] of the estate and I would not want that to happen, so I'm ordering no attorney's fees." Tr. p. 56. Later, however, it commented that it found the fee request to be "in excess of the guidelines" because the fees did not qualify as "extraordinary" and because the Estate's attorneys had already "received ample remuneration for its services. . . ." *Id.* at 57–58. Consequently, the probate court advised the Estate that it would not award any further attorney fees for the representation of the Estate. *Id.* at 58.

It is apparent to us that the probate court's primary concern was the size of the attorney fee request in relation to the size of the Estate itself. In mentioning depletion of the Estate, the probate court intended to articulate its finding, based upon the evidence before it, that the total amount of fees requested by the Estate over the entirety of its administration was excessive given the size of the Estate. Indeed, the probate court had already awarded over $26,000 in attorney fees to the Estate's attorneys. Specifically, it had awarded the following attorney fees to the Estate's attorneys: (1) $3,238.22 to Estate's first attorney, who helped Sharyi

become the Estate's personal representative; (2) $7,362.50 to the Estate's second attorney, who, among other things, helped Sharyi withdraw and Mercer become appointed as the personal representative; and (3) $15,967 to the Estate's third and current attorney pursuant to the first petition. Thus, if the probate court had granted the Estate's second petition, which requested $26,336, over half of the Estate's assets would have been expended on attorney fees. The trial court did not abuse its discretion in concluding that, for an Estate comprised of just under $100,000 in assets, a total of $26,000 in attorney fees is sufficient to administer that Estate—even taking the Bryans' claim into account—and that anything greater than that amount would be excessive.

■ The Estate argues that the probate court erred in finding that its requested fees exceeded the Vanderburgh County Guidelines (the Guidelines). Specifically, it argues that its attorneys performed extraordinary legal services such that the default cap on fees does not apply. The Guidelines include a formula for the maximum fees that should be awarded for routine estate administration. The Guidelines also, however, include an exception to the cap on fees for extraordinary fee requests:

Fee petitions requesting extraordinary fees must set forth the additional or extraordinary services rendered with specificity. Extraordinary services may include: complex or unusually large number of sales of personal or real property, partial distributions, Will contest actions, *contesting claims*, adjusting tax matters, family settlements, partitions, *contested hearings*, post-mortem estate planning (e.g., disclaimers, tax elections, etc.), petitions for instructions, heirship determinations, generating additional income for the estate, ongoing business operations, complex estate, inheritance and income tax matters, etc.

Appellant's App. p. 266–67 (emphases added).

Essentially, the Estate raises three arguments. First, it contends that the trial court erred in concluding that services rendered to the Estate by its attorney were not extraordinary. The Estate notes that the Guidelines specifically refer to contested claims and contested hearings as matters requiring extraordinary legal services. Furthermore, the Estate argues that this litigation has been lengthy, costly, and involved numerous hearings, motions, discovery, and a trial. Thus, the administration of this Estate has been far from "routine."

The trial court held a hearing on the second petition and heard testimony and argument on the fee request. The parties presented evidence regarding the litigation and administrative services provided by the Estate's attorneys during the period of time in question. Following that hearing, the trial court determined that the services provided by the Estate's attorneys were not extraordinary services. Our standard of review does not permit us to reweigh the evidence or judge the credibility of witnesses, and we shall not endeavor to do so. Based on this record, we cannot conclude that the trial court abused its discretion in denying the second petition.

Additionally, we observe that the Guideline referring to extraordinary fees is not mandatory because not all contested claims require extraordinary services that in turn require the award of extraordinary fees. Moreover, that any fee petition for extraordinary services must be set for a hearing and ruled on by the court lends support to a conclusion that the Guidelines are not mandatory. Thus, even if a petition seeks compensation for a type of legal service that is extraordinary according to

the Guidelines, the probate court still has discretion to determine the reasonableness of the request. Here, nothing in the record supports a conclusion that the probate court abused that discretion.

■ Second, the Estate argues that the probate court had already determined that the Estate's attorneys were entitled to extraordinary legal fees because prior to ruling on the second petition, the probate court had already awarded over $26,000 in attorney fees to the Estate's attorneys. If the formula for attorney fees for routine estate administration were applied to this case, however, the Estate's attorneys would be entitled to a total of approximately $6,500 in attorney fees. Appellant's Br. p. 19. The probate court necessarily determined at some point, therefore, that the Estate's attorneys were entitled to be compensated for extraordinary legal services. The Estate argues, essentially, that once the probate court determined that the Estate's attorneys were providing extraordinary legal services, it was bound to that conclusion for the remainder of the litigation regarding and administration of the Estate.

This position is untenable because it requires a per se rule that merely because a prior petition was granted and the fees requested therein exceeded the maximum fee guidelines, all subsequent fee petitions must also be approved as seeking compensation for extraordinary services. Thus, once a trial court exceeds the maximum fee guidelines, it would have no discretion to deny future fee petitions on any ground, reasonable or not. Nothing in the guidelines or caselaw supports this radical restriction of the trial court's discretion. And indeed, the rule suggested by the Estate would cause great reluctance on the part of probate courts to approve fee petitions for extraordinary legal services that

are filed prior to the end of the administration of an estate—a result that, in the end, would harm rather than help the process of estate administration.

■ Finally, the Estate points out that the personal representative of an estate has a fiduciary obligation to resist invalid or erroneous claims brought against the estate. *Schumacher v. Adams County Cir. Ct.*, 225 Ind. 200, 204–05, 73 N.E.2d 689, 691 (Ind.1947). The personal representative also has a duty to protect and preserve the assets of the estate to properly distribute those assets to the rightful heirs and devisees of the decedent. *Mut. Hosp. Servs., Inc. v. Burton*, 695 N.E.2d 641, 644 (Ind.Ct.App.1998). Here, the Estate observes that Mercer incurred legal expenses in performing her duties as personal representative by defending the Estate from claims that she in good faith determined to be without merit.

■ We do not disagree with these assertions. But the probate court bears the responsibility of determining whether and what amount of an attorney fee request is just and reasonable, and it is entitled to take into account the overall size of the estate in making that determination. Here, the probate court determined that $26,000 was adequate compensation for the Estate's attorneys defense against the Bryans' claims and administration of the Estate. Nothing in the record leads us to conclude that the probate court abused its discretion in making that determination. Inasmuch as the attorneys were adequately compensated, therefore, and can rely upon adequate compensation for estate work in the future, nothing in the probate court's order herein should operate as a deterrent or obstacle to the fulfillment of the fiduciary duties of an estate's personal

representative.[1]

The judgment of the probate court is affirmed.

VAIDIK, J., and CRONE, J., concur.

---

1. Our determination that the trial court properly concluded that the attorney fee request was not just and reasonable necessarily means that it found implicitly that the Estate attorneys did not have a valid claim against the Estate. Consequently, we need not reach the Estate's argument regarding the application and interpretation of the statute governing the distribution of Estate assets to competing creditors. I.C. § 29–1–14–9.