## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 13 2020, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick J. O'Connell
Mishawaka, Indiana

ATTORNEY FOR APPELLEE
ROBERT LASZYNSKI

E. Kent Moore
Laszynski & Moore
Lafayette, Indiana

ATTORNEY FOR APPELLEE
HERR & PHILLIPS, LLC

Thomas J. Herr
Herr & Phillips, LLC
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Supervised Estate of John L. Thompson, Sr.:

Sandra Riggs,
*Appellant,*

v.

Robert Laszynski, et al.,
*Appellees.*

August 13, 2020

Court of Appeals Case No.
19A-ES-3015

Appeal from the Tippecanoe Circuit Court

The Honorable Sean M. Persin, Judge

Trial Court Cause No.
79C01-1402-ES-6

**Bailey, Judge.**

# Case Summary

In this estate case, Sandra Riggs ("Riggs") appeals the award of attorney fees to her former counsel, Thomas Herr ("Herr") and the law firm Herr & Phillips, LLC ("the Firm"), the award of compensation to the special personal representative of the estate, attorney Robert S. Laszynski ("Laszynski"), and the denial of her motion for a surcharge against Laszynski.

We affirm.

# Issues

Riggs presents three issues[1] on appeal which we restate as follows:

I.    Whether the trial court abused its discretion when it awarded $21,343.00 in attorney fees to the Firm.

II.   Whether the trial court abused its discretion when it approved in full Laszynski's claim for compensation as special personal representative to the estate.

---

[1] The Firm raises the additional issue of whether Riggs's appeal should be dismissed for her alleged failure to timely appeal. However, the Firm filed a motion to dismiss the appeal on those grounds on February 14, 2020, and we denied that motion in an order dated March 20, 2020. While we have authority to reconsider a motion panel's decision, we do so only in rare instances. *See, e.g.*, *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 245 (Ind. Ct. App. 2013), *trans. denied*. We decline to do so here.

III.	Whether the trial court abused its discretion when it denied Riggs's motion for a surcharge against Laszynski.

# Facts and Procedural History[2]

This case stems from a contest of the will of John Thompson, Sr. ("Senior"). Senior's three adult children are Riggs, John Thompson, Jr. ("Junior"), and Marcee Brody ("Brody"). Under Senior's will, Senior bequeathed the majority of his estate to Riggs. Upon Senior's death, Junior and Brody filed a will contest. Riggs was the personal representative of the estate. On June 16, 2015, Riggs hired Herr and the Firm to provide legal representation to her individually and as personal representative of the estate. The retainer agreement provided that Riggs would pay attorney fees at the rate of $250.00

---

[2] As the Appellees note, Riggs's opening brief fails to comply with Indiana Appellate Rule 46 in many respects. The first paragraph of her Statement of the Case improperly goes beyond describing the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of those issues by the trial court, as required by Rule 46(A)(5) of the Appellate Rules. Instead, that paragraph contains argumentative statements of alleged fact with no citations to the record.

Riggs's Statement of Facts violates our rules even more blatantly and extensively. Under Appellate Rule 46(A)(6), the Statement of Facts must be supported by citation to the record, should be devoid of argument, *e.g.*, *K.S. v. D.S.*, 64 N.E.3d 1209, 1216 (Ind. Ct. App. 2016), should be stated in the light most favorable to the judgment, *e.g.*, *In re Paternity of G.R.G.*, 829 N.E.2d 114, 117 n.1 (Ind. Ct. App. 2005), and should not summarize witness testimony, *e.g.*, *Nicholson v. State*, 768 N.E.2d 1043, 1045 n.2 (Ind. Ct. App. 2002). Riggs's twenty-page Statement of Facts: is rife with argumentative and conclusory statements, often made without citations to the record; states facts that are not in the light most favorable to the judgment; and improperly quotes witness testimony as fact.

We disregard the non-compliant statements contained in Riggs's Statements of the Case and the Facts. However, because we favor reaching the merits of an appeal whenever possible, we decline the Firm's invitation to strike Riggs's brief in its entirety. *See Beta Steel v. Rust*, 830 N.E.2d 62, 68 (Ind. Ct. App. 2005) (declining to strike entire brief where it was deficient but not "grossly inappropriate or impertinent"). Moreover, we note that the Firm's Statement of Facts also fails to comply with Rule 46(A)(6) in that it consists, in large part, of lengthy quotations of trial court findings. *See General Motors Corp. v. Sheets*, 818 N.E.2d 49, 51 n.1 (Ind. Ct. App. 2004) ("A reproduction of the trial court's findings of fact is not a proper statement of facts."), *trans. denied*.

per hour and out-of-pocket expenses advanced by the Firm. Riggs agreed that she would pay from her personal assets any fees owed to Herr and/or the Firm that were not paid by the estate.[3]

[5] Following a trial, the jury entered a verdict invalidating Senior's will and awarding Junior and Brody monetary damages against Riggs. Riggs was removed as personal representative of the estate, and on June 23, 2016, Laszynski submitted his oath of office as special personal representative of the estate.

[6] Riggs appealed the jury verdict. On July 6, 2016, the trial court entered an agreed order under which Riggs tendered a letter of credit "in the amount of $285,000.00 which shall constitute security approved by the Court pursuant to Trial Rule 62(D) sufficient to cause enforcement of the judgments being appealed to be suspended and/or stayed pursuant to Trial Rule 62(B)(5) during said appeal." Appellant's App. V. 2 at 79. On July 7, 2016, the Firm filed an Administrative Claim for unpaid attorney fees in the amount of $21,343.00 for its representation of Riggs and the estate.

[7] In Riggs's appeal of the jury verdict, a different panel of this Court reversed the verdict and remanded the case on the ground that the trial court had abused its discretion when, as a sanction for violating a motion in limine, it excluded

---

[3] The retainer agreement, signed by Riggs, stated: "You expressly agree that you will pay from your personal assets any fees owed to our firm for the Litigation that are not paid by the Estate." Appellee's (hereinafter, "Firm") App. at 16.

Riggs's testimony about statements Senior made to her after signing his will. *Matter of Estate of Thompson*, No. 79A02-1606-ES-1329, 2017 WL 2797687 (Ind. Ct. App. June 28, 2017).[4] On remand, the parties reached a settlement regarding Senior's estate, which the trial court approved on March 23, 2018.[5]

[8]    On May 14, 2018, Laszynski submitted to the court an accounting and request for compensation in the amount of $5,102.50 for his services as special personal representative of the estate. Thereafter, Riggs replaced Laszynski as personal representative. Riggs objected to both the Firm's July 8, 2016, legal fee request and Laszynski's personal representative compensation request. In addition, Riggs filed a motion for a surcharge against Laszynski.[6]

[9]    Following an October 31, 2018, evidentiary hearing on the Firm's fee request, the trial court issued its January 29, 2019, order approving the Firm's attorney fee claim in the amount of $21,343.00.[7] On October 2, 2019, Riggs filed a

---

[4] Specifically, this Court held that the sanction the trial court imposed was "severe and deprived the jury of hearing evidence that was necessary for it to consider in order to properly decide the case." *Thompson*, 2017 WL 2797687 at *4. Our prior decision did not specify, as Riggs claims, that the trial court's sanction violated Riggs's due process rights or that the actions or inactions of the Firm—a non-governmental entity—did so. *See* Riggs's Br. at 16.

[5] The appellate record does not contain a copy of the March 23, 2018, Agreed Order. However, the trial court noted that the order dismissed all claims related to the will contest except for the issue of claims for fees. Appealed Order at 2.

[6] No party has pointed us to that motion, nor are we able to find it in the record or referenced in the Chronological Case Summary (CCS). However, the trial court's November 27, 2019, order states that "Riggs'[s] motion for surcharge is DENIED." Appealed Order at 6 (emphasis original).

[7] On July 2, 2019, Riggs also filed a complaint against Herr with the Indiana Disciplinary Commission. However, that complaint was dismissed because Riggs's claims against Herr would be "more properly analyzed as a claim of legal malpractice rather than an ethical violation" governed by the Rules of Professional Conduct. Riggs's Supp. App. at 31.

motion to reconsider and amend the January 29, 2019, order. Following an August 30, 2019, hearing on Laszynski's accounting, the trial court issued its November 27, 2019, order denying Riggs's motion to reconsider and amend the January 29 order, granting Laszynski's request for compensation in the amount of $5,102.50, and denying Riggs's motion for a surcharge against Laszynski. In an order dated February 10, 2020, the trial court clarified that the judgments in favor of the Firm and Laszynski were final and appealable even though the estate was not closed. In addition, the court stayed enforcement of the judgments pending appeal. Riggs now appeals.[8]

[10] We provide additional facts below, as necessary.

# Discussion and Decision

## The Firm's Fees

[11] Riggs challenges the trial court order granting the Firm's claim for $21,343.00 in attorney fees.

> Indiana Code section 29-1-10-13 provides that an estate attorney should be compensated in a "just and reasonable" manner as determined by the trial court. The award or denial of attorney fees is within the sound discretion of the trial court, and in the absence of error or an abuse of that discretion, we must affirm the trial court's decision. *Malachowski v. Bank One*, 682 N.E.2d

---

[8] Although Herr is listed as a party on appeal, the Firm argues that Herr is not a party. We already denied Herr's motion to dismiss the appeal as to him in this Court's March 20, 2020, order, and we decline to address the issue further.

530, 533 (Ind. 1997). We may not reweigh the evidence and may reverse only if the fee denial [or award] was clearly against the logic and effect of the facts and circumstances before the probate court. *Walton v. Claybridge Homeowners Ass'n, Inc.*, 825 N.E.2d 818, 825 (Ind. Ct. App. 2005).

*Estate of Daniels ex rel. Mercer v. Bryan*, 856 N.E.2d 763, 766 (Ind. Ct. App. 2006).

[12] As a general rule, a contract for attorney fees is enforceable according to its terms unless contrary to law or public policy. *Pond v. Pond*, 700 N.E.2d 1130, 1136 (Ind. 1998). However, even when the parties have agreed to attorney fees in a retainer agreement, the award of attorney fees must be reasonable. *Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1002 (Ind. Ct. App. 2015). When determining the value of services rendered by an attorney in an estate matter,

> the trial judge may consider many factors, including the labor performed, the nature of the estate, the difficulties encountered in recovering assets and locating heirs, settlements in the estate, the peculiar qualifications of the administrator, his or her faithfulness and care, and all other factors necessary to aid the court in a consideration fair to the estate and reasonable for the personal representative and attorneys.

*Estate of Clark v. Foster & Good Funeral Home, Inc.*, 568 N.E.2d 1098, 1101 (Ind. Ct. App. 1991) (citation omitted). Rule 1.5 of the Indiana Rules of Professional Conduct also provides guidance as to non-exclusive factors a trial court may consider in determining a reasonable amount of attorney fees; those factors are

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

"While these factors provide useful guidelines to determine the reasonableness of an award of attorney's fees, evidence is not required on each factor." *Valparaiso Tech. Inst., Inc. v. Porter Cty. Treasurer*, 676 N.E.2d 416, 419 (Ind. Ct. App. 1997). In addition, the trial judge is considered an expert in the matter of attorney fees and may use his or her expertise in determining an amount of fees that is just and reasonable. *Estate of Clark*, 568 N.E.2d at 1101.

[13]     Here, the retainer agreement between Riggs and the Firm states that the Firm would be paid $250.00 per hour for its representation of Riggs and the estate. It also provided that both Riggs and the Estate would be liable for the Firm's fees and, to the extent those fees were not covered by the Estate, Riggs agreed to pay those fees from her "personal assets." Firm App. at 16. At the hearing on the Firm's fees, the court admitted into evidence—per the parties' stipulation—a copy of the retainer agreement between Riggs and the Firm and the Firm's invoices to Riggs which described the work performed by the Firm, the date and hours spent on that work, and the attorney's hourly rate of $250.00. Firm App. at 16, 19. Thus, the Firm provided "objective evidence of the nature of the legal services and the reasonableness of the fee." *Cavallo*, 42 N.E.3d at 1009. Given this evidence and the trial court's own experience of previously approving "rates up to $350.00 per hour for litigation of this nature," the trial court determined that the attorney fees charged by the Firm were reasonable. Appealed Order at 7. Although the trial court did not point to evidence on each factor listed in Professional Conduct Rule 1.5, it was not required to do so. *Valparaiso Tech. Inst.*, 676 N.E.2d at 419.

[14]     Riggs does not challenge the reasonableness of Herr's hourly rate or the amount of time he spent on her case. Rather, Riggs maintains that the Firm's fees should be reduced or eliminated because Herr's "deficient" legal representation did not produce results favorable to Riggs. Riggs Br. at 16. She maintains that Herr lacked the legal knowledge and skill required to represent her in this

matter,[9] as represented by his failure to successfully oppose the trial court's ruling excluding her testimony about Senior's testamentary intent. She also contends that Herr "exaggerated his credentials and misrepresented his capacity as an attorney."[10] Riggs's Reply Br. at 13. However, the trial court disagreed. It noted that lawyers "must make many quick decisions" at trial and, even if they end up making the wrong decision, that alone is not a basis for denying them their reasonable legal fees. Appealed Order at 3. In addition, Riggs presented no evidence that the outcome of her case would be different if Herr had taken some other action in relation to the sanction for the violation of the motion in limine, and the trial court correctly declined her invitation to speculate as to the same. The trial court also found that Herr was an experienced attorney and litigator and noted the lack of evidence that Herr "lied about his credentials or claimed to have successfully tried multiple will contests to juries." *Id.* Riggs's contentions to the contrary are simply requests that we reweigh the evidence, which we will not do. *Estate of Daniels*, 856 N.E.2d at 766.

[15] Riggs also asserts that the trial court committed "reversible error" by relying on its finding that Riggs could have entered into a contingency fee arrangement

---

[9] Riggs did not "stipulate" that Herr did not commit malpractice, as the Firm claims. Firm Br. at 17. Rather, her attorney simply noted in his opening and closing arguments at the evidentiary hearing that this case is not a malpractice case.

[10] Riggs's failure to provide expert testimony on the issue of the reasonableness of the attorney fees was not fatal to her claim, as asserted by the Firm. The only authority the Firm cites for that assertion relates specifically to expert testimony required in medical malpractice cases when there are medical factors beyond common knowledge. *Buhring v. Tavoletti*, 905 N.E.2d 1059, 1065 (Ind. Ct. App. 2009).

with the Firm if she wished to make the payment of attorney fees contingent upon a successful outcome. Riggs Reply Br. to Firm at 12. However, that observation was not the basis for the trial court's judgment, nor is that observation erroneous. A contingency fee arrangement is one where payment to the attorney is contingent on the outcome of the case, and the attorney fee is a percentage taken from the client's recovery.[11] *See, e.g.*, *Valparaiso Tech. Inst.*, 676 N.E.2d at 420. The trial court did not err in pointing out that such an arrangement was available to Riggs if she wished to base attorney fees solely upon the outcome of the litigation,[12] but she instead chose to enter into a retainer agreement for fixed fees.

[16] The trial court did not abuse its considerable discretion when it granted the Firm's request for $21,343.00 in unpaid attorney fees.

# Laszynski's Fees

[17] Riggs also challenges the award of $5,102.50 to Laszynski for the services he provided as special personal representative. Indiana Code Section 29-1-10-13 authorizes a trial court to award reasonable fees to compensate a personal representative for his or her services. The amount of fees so awarded is within the trial court's discretion, and "we have recognized the trial court's particular

---

[11] Riggs's contention that a "contingent fee arrangement is only for speculative financial recovery when a party has no assets to risk," is incorrect and not supported by the authority she cites, i.e., *Sockrider v. Burt Blee*, 135 N.E.3d 638, 644 (Ind. Ct. App. 2019). Riggs Br. at 33; Riggs Reply Br. to Firm at 12.

[12] Riggs asserts that "[t]he Probate Code disfavors contingent fee arrangements," but she provides no supporting citation to statutory or case law authority. Riggs Br. at 34.

expertise in determining the value" of the personal representative's services. *Ford v. Peoples Trust & Sav. Bank*, 651 N.E.2d 1193, 1194 (Ind. Ct. App. 1995), *trans. denied*. In determining a reasonable amount for fees of a personal representative of an estate, the trial court may consider the same factors it considers in determining a reasonable amount of fees for attorneys representing the estate. *See id.*

[18] Here, on June 26, 2016, the trial court appointed Laszynski as "Special [personal representative] without objection"[13] while the appeal of the will contest decision was pending. Appealed Order at 4.[14] On May 14, 2018, Laszynski submitted an accounting and a request for fees for 20.41 hours of special personal representative services at $250.00 per hour, and he included attachments detailing his hours and activities. The trial court granted that request in full.

[19] Riggs contends that the trial court erred in awarding Laszynski his fees for time he spent working on a possible sale of the real estate because Laszynski did not have authority to make such a sale. However, we agree with the trial court's determination that Laszynski did have authority to investigate the merits of selling the property and seek court approval for such a sale. First, we note—as

---

[13] Per Indiana Code Section 29-1-10-15(c), a trial court may appoint a special administrator when a person dies testate and objections to the probate of the will have been filed. As used in the Indiana Probate Code, a special administrator is included under the definition of "personal representative." I.C. § 29-1-1-3(a)(25).

[14] The record provided on appeal does not contain a copy of the trial court order or letters appointing Laszynski.

did the trial court—that the agreed order regarding a stay pending appeal did not, as Riggs contends, stay all action regarding the estate property. Rather, by its clear terms, the order only "suspended and stayed" enforcement of the *judgement* pending appeal. Appellant's App. V. 2 at 79.[15]

[20] Second, the Indiana Probate Code clearly authorizes personal representatives to seek to sell real estate under certain circumstances. A personal representative has a general duty to "manage and protect" estate assets "by employing reasonable precautions against loss to the estate," *Matter of Robak*, 654 N.E.2d 731, 735 (Ind. 1995), thus ensuring that estate assets are not "wasted or mismanaged," *Ind. Dep't of St. Revenue, Inheritance Tax Div. v. Cohen's Estate*, 436 N.E.2d 832, 836 (Ind. Ct. App. 1982). That duty is in place even while a will contest is pending; during such time, the court may appoint a special administrator who "shall proceed to administer the estate pursuant to law" and consistent with the terms of the will. I.C. § 29-1-10-16. The Indiana Probate Code Study Commission's 1953 Comments to Indiana Code Section 29-1-10-16 note that the statute "extends the power of the special administrator [beyond merely collecting assets and paying debts] and permits him to proceed as far as possible with the administration of the estate so that when the litigation is

---

[15] Specifically, the order stated in relevant part that, upon Riggs's tendering of security through a letter of credit, "the enforcement of the judgments herein rendered and which are being appealed by Defendant Sandra Romack Riggs shall be suspended and stayed during such appeal. Any actions by Plaintiffs, all of Plaintiff's attorneys, and any third parties to collect or enforce the judgments herein rendered, either directly or indirectly, are hereby stayed; including, without limitation, attachment of assets, garnishment of accounts, requests to respond to discovery, depositions, and Proceeding Supplemental hearings." *Id.* at 79-80.

terminated the estate may be closed without delay." *See also In re Barger's Estate*, 114 Ind. App. 129, 51 N.E.2d 104, 106 (1943) (stating that, while a will contest is pending, "the special administrator is charged with the duty of doing those things that can be done, … in order that the estate may be as nearly ready for final settlement and distribution as is possible when the will contest is finally determined.").[16]

[21] In fulfilling his or her duty to protect estate assets, a personal representative has statutory authority to sell real estate of the decedent for any purpose enumerated in the Probate Code when authorized by order of the court to do so. I.C. § 29-1-15-3. The probate court may find a sale of real estate to be necessary for any of several purposes, including payment of claims allowed against the estate, payment of expenses of administration, payment of taxes on the estate, making distribution of the estate, or "any other purpose in the best interests of the estate." *Id*.[17] When a personal representative believes it is in the

---

[16] *Dinwiddie v. Shipman*, 183 Ind. 82, 108 N.E. 228 (1915), is not to the contrary, as Riggs claims. Rather, as the *Barger's Estate* court noted, the decision in *Dinwiddie* related to the powers of a "general administrator" after a will has been held invalid and an appeal of that decision is pending; under those circumstances, the general administrator may not take any further action as to the estate until a final decision on the validity of the will. 51 N.E.2d at 106. However, the *Dinwiddie* decision "has nothing to do with the appointment of a special administrator under [the precursor statutes to Indiana Code Sections 29-1-10-15(c) and 29-1-10-16]" which authorize a special administrator to take actions relating to administration of the estate while a will contest is being appealed. *Id*. at 105-06.

[17] Thus, Laszynski was not without authority to seek a sale and the court was not without authority to authorize a sale simply because Senior's will devised the real property to Riggs, as Riggs asserts. Rather, when a person dies, his or her real and personal property "passes to persons to whom it is devised by the person's last will,… but it shall be subject to the possession of the personal representative … and shall be chargeable with the expenses of administering the estate, [and] the payment of other claims" against the estate. I.C. § 29-1-7-23(a).

best interest of the estate to sell real property, he or she must file with the probate court a petition that sets forth "the reasons for the application and describe[s] the property involved." I.C. § 29-1-15-11.

[22] As the trial court noted, special personal representative Laszynski had a duty to "consider all options" to preserve the estate pending appeal, including the option of "selling the property if the cost to maintain and insure [it] would unnecessarily deplete the estate." Appealed Order at 4. In fulfilling that duty, Laszynski "collected information regarding the condition of the property, sought valuations[,] and obtained insurance." *Id.* Laszynski then filed his petition seeking court permission to sell the real estate. In so doing, he described the property and set forth the reasons he sought to sell it—i.e., (1) in order "to pay claims and necessary expenses of the estate;" (2) because the building(s) on the real estate were "deteriorating in condition" and presumably should be sold before they deteriorated further, thus reducing the value of the real estate; and (3) because it was "expensive to maintain insurance on the property" and "pay real estate taxes for the property." Appellant's App. V. 2 at 111-12.

[23] Ultimately, the probate court denied the petition to sell the real estate. However, the ultimate lack of success on the petition to sell the real estate does not mean that Laszynski is not entitled to compensation for the time he spent lawfully seeking permission to sell. *See In re Estate of Inslow*, 735 N.E.2d 240, 256 (Ind. Ct. App. 2000) (holding attorney fees incurred in exploring wrongful death claims that were never ultimately filed nevertheless "constitute[d] services

for the estate meriting 'just and reasonable compensation' under Indiana Code Section 29-1-10-13"). Here, the probate court noted that Laszynski's petition to sell the real estate was not "unreasonable[,]" and he should be compensated for time spent seeking to sell it. Appealed Order at 4. Riggs's assertions to the contrary are requests that we reweigh the evidence, which we may not do. *See, e.g.*, *Estate of Daniels*, 856 N.E.2d at 766.

[24] Riggs also maintains that Laszynski should not be compensated because he breached his fiduciary duty by favoring Junior over her. However, the probate court determined that, although Laszynski "may have handled some things differently," such as keeping all parties apprised of all offers to buy the property at the time the offers were made, the evidence did not show that he should not be paid because he breached his fiduciary duty. Appealed Order at 6. As the court noted, "it can be difficult to distinguish preliminary discussions versus actual offers to purchase." *Id*. at 5. And Laszynski showed his "loyalty was to the estate and not to [Junior]" by refusing to consider Junior's "lowball offer" to buy the property. *Id*. The court also found that Laszynski made Riggs aware that he was evaluating whether to sell the property when he sent her an email asking if she knew of any potential buyers. Moreover, Riggs had notice of Laszynski's petition to sell the real estate, to which she filed objections. Thus, we cannot say the probate court's determination that Laszynski did not breach his fiduciary duty was clearly against the logic and effect of the facts and circumstances before the court. *Estate of Daniels*, 856 N.E.2d at 766. Again,

Riggs's assertions to the contrary are requests that we reweigh the evidence, which we will not do. *Id.*

[25] The trial court did not abuse its discretion when it granted special personal representative Laszynski's request for $5,102.50 as compensation for his services.

## Surcharge

[26] Finally, Riggs maintains that the trial court abused its discretion when it denied her request for a surcharge against Laszynski because he "wasted estate resources" by fraudulently obtaining insurance, thus rendering the insurance "void."[18] Riggs Br. at 52. In support, Riggs cites Indiana Code Section 29-1-16-8, which authorizes a court to disapprove an account in whole or in part "and surcharge the personal representative for any loss caused by any breach of duty."

[27] A personal representative has express statutory authority to "protect buildings and fixtures" on estate property by obtaining insurance. I.C. § 29-1-13-1(3). Laszynski did so, and neither the insurance company nor any court has determined that the insurance policy was void due to fraud. Although Riggs argues that was the case, the trial court "reviewed the depositions" of Laszynski, the underwriting insurance agent, Adam Currier, and insurance

---

[18] Specifically, she notes that the insurance application did not disclose that there was mold in the property to be insured, and she contends that the failure to disclose that information made the insurance policy void.

agent William Bogan, and found no evidence to support Riggs's claim that Laszynski breached his fiduciary duties and wasted estate resources by obtaining a void insurance policy. Appealed Order at 6. We will not reweigh the evidence or witness credibility, as Riggs improperly requests. *Estate of Daniels*, 856 N.E.2d at 766. The trial court did not abuse its discretion when it denied Riggs's request for a surcharge.

# Conclusion

[28] The trial court did not abuse its discretion when it awarded $21,343.00 in attorney fees to the Firm and $5,102.50 in fees for special personal representative services to Laszynski. Nor did the court err in denying Riggs's request for a surcharge against Laszynski.

[29] Affirmed.

Vaidik, J., and Baker, S.J., concur.